Carlos JENKINS and Bobby D. Van Stavern, Plaintiffs-Respondents,

v.

Larry McSHANE and Dona McShane, Defendants-Appellants.

No. 9689.

Missouri Court of Appeals, Springfield District.

July 29, 1976.

Gerald H. Lowther, J. Douglas Cassity, Robert W. Freeman, Lowther, Cassity, Ferguson, Carnahan & Freeman, Springfield, for defendants-appellants.

John A. Honssinger, Low & Honssinger, Lebanon, for plaintiffs-respondents.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

STONE, Presiding Judge.

This appeal arises in a suit on a promissory note in the principal sum of $22,500 (with interest from date at seven percent per annum and a reasonable attorney's fee if placed in the hands of an attorney for collection) given by defendants to plaintiffs on April 15, 1969, in a transaction involving the sale of two used automatic car wash systems to defendants. By their answer, defendants admitted execution of the note and appropriate demand for payment. However, alleging a fraud had been worked on them in that the age and condition of the car wash equipment had been materially misrepresented, defendants denied the validity of the note. The pleadings and testimony indicate that only some $1,500 in interest, and nothing on principal, had been paid to plaintiffs under the terms of the note. At the time of trial, a sum in excess of $29,000 allegedly was due and owing on that instrument.

After trial to a jury, and due deliberation, a unanimous verdict was returned in the following form:

"We, the jury, find the issues in favor of the plaintiffs and assess their damages at $ *no* principal, and $ *no* interest, and *$1,000* attorneys fee, being the total sum of *$1,000*."

During an ensuing colloquy between court and counsel, the correctness and consistency of the verdict were discussed. At that time, counsel for *defendants* argued that the verdict was "impossible" and the jury should be sent "back out" to prepare and "return another verdict." On the other hand, counsel for *plaintiffs* urged acceptance of the verdict "as it is presented" and declared "[i]t is in proper form." Commenting that "I don't think I can do anything but to (sic) accept their verdict," the court proceeded to do so and discharged the jury. Apparently regarding the verdict as a general finding for plaintiffs, the court subsequently sustained plaintiffs' timely motion for new trial but limited the new trial to the sole issue of damages.

No ground or grounds on which the new trial was granted or so limited were stated of record as then required by Rule 78.01, V.A.M.S. (now Rule 78.03). Although defendants did not require plaintiffs to prepare the original brief on appeal as they might have done under Rule 84.05(b), nevertheless under that rule the burden of overcoming the presumption of error in granting the motion for new trial shifted to and here rests upon plaintiffs. *Curtis v. Curtis*, 491 S.W.2d 29, 32–33(3) (Mo.App. 1973). In this connection, see *Artstein v. Pallo*, 388 S.W.2d 877, 880(1) (Mo.banc 1965), where as here defendant had appealed from an order granting to plaintiff a new trial on the issue of damages only.

Plaintiffs undertake to carry their burden by pointing to their scanty motion for new trial and the "obvious" truth of the reasons stated therein.[1] The correctness of the court's action is grounded, by plaintiffs' argument, on the unsupported assertion that an award of an attorney's fee must be accompanied by a finding of some amount due and owing on the note, a proposition

---

1. Plaintiffs' motion for new trial contained four numbered paragraphs assigning the following grounds for their request:

"1. Because the verdict of the jury is not responsive to the issues in this case.

"2. Because the jury did not follow the evidence and court's instructions in this case.

"3. Because the verdict of the jury was in effect no verdict at all.

"4. Because of the aforementioned reasons, a mistrial should be declared in this case, and a new trial ordered."

which "requires no citation of authority." This, coupled with the purported general finding for plaintiffs, is offered as ample support for the order now placed before us for review. On the other hand, defendants *now* press us to leave the verdict, and the judgment entered thereon, undisturbed. Neither side attends the fundamental conflict between that portion of the verdict which found the issues in favor of plaintiffs and that portion which found nothing, either principal or interest, due on the note.

In *Boone v. Richardson*, 388 S.W.2d 68, 76–77(17) (Mo.App.1965), this court, in a situation strongly analogous to that presented on the present appeal, observed that the trial court apparently had construed the jury's verdict as a general finding for plaintiff since a new trial was granted on the issue of damages only:

"[U]pon careful consideration, it is our view that the verdict returned is not merely equivocal or uncertain; the jury's finding of the issues for the plaintiff flatly contradicts its finding that the plaintiff suffered no damages whatever. To take either the first clause ('we * * find the issues in favor of the plaintiff and against the defendant') or the second ('and assess plaintiff's damages at the sum of $ 0') as the true judgment of the jury is to disregard the balance of the sentence. The verdict cannot be fairly resolved into a definite finding for either party, and therefore it will not support the entry of any judgment. [Citing numerous cases]"

■ In a situation such as that under consideration, the parties are entitled to an unconditional verdict [*Boone v. Richardson*, supra, 388 S.W.2d 76(14)], and primarily it is the responsibility of the court to require correction of a defective verdict by the jury. *Thorne v. Thorne*, 350 S.W.2d 754, 759 (Mo.1961); *Stroud v. Govreau*, 495 S.W.2d 682, 684–685(3) (Mo.App.1973). No entry of judgment on a null verdict is possible. *MFA Cooperative Ass'n of Ash Grove v. Elliott*, 479 S.W.2d 129, 133(2) (Mo.App. 1972); *Boone v. Richardson*, supra, 388 S.W.2d at 76–77(12, 16). The defect in the present verdict is not merely one of *form* as opposed to *substance*. E. g., *Bunch v. Crader*, 369 S.W.2d 768, 775 (Mo.App.1963). Neither is the jury's intent so clear that "all that is needed are slight changes in form to accord with the jury's conclusion actually reached." *Haas Baking Co. v. Luzio*, 512 S.W.2d 428, 430(3) (Mo.App.1974).

■ In the present case, the jury could have found the issues generally for plaintiffs only as authorized by their verdict-directing instruction 3, which required, inter alia, findings that defendants "received good and valuable consideration" for the note in suit and "that the note is due and unpaid." Upon a finding of the issues submitted in instruction 3, plaintiffs' instruction 4 mandated an award to them of "such sums as damages as you believe plaintiffs are owed by defendants by the terms of the note . . . ." Manifestly, the aberrant, anomalous verdict returned by the jury was impermissible under the court's instructions and, in returning that verdict, the jury patently ignored not only the stated instructional requirements for a plaintiffs' verdict but also the instructional directions concerning the amount to be awarded to plaintiffs in the event of a verdict for them.

■ Although we cannot escape the conclusion that the verdict could have no proper legal standing whatever, we are met by defendants' argument that "plaintiff (sic) waived any defect in the verdict or error in the trial when plaintiff (sic) failed to make timely objection to the form of the jury verdict as rendered and to the verdict being accepted by the court . . . ." However, failure to preserve complaint by timely and appropriate action in the trial court does not foreclose review of an impossible verdict [*Stroud v. Govreau*, supra, 495 S.W.2d at 684–85(2, 3)], and inaction which might waive defects in some verdicts has no impact on one which is "wholly insufficient" on its face. *Thorne v. Thorne*, supra, 350 S.W.2d at 759. *See Bunch v. Crader*, supra, 369 S.W.2d at 774(18). We conclude that plaintiffs' failure to complain during the trial and prior to the filing of their motion for new trial should not and does

not foreclose our setting aside the void judgment entered on a legally impermissible and impossible verdict.

█ In their final point, defendants seek to save the judgment under consideration on the theory that *plaintiffs'* request during the aforementioned colloquy of court and counsel that the court accept the verdict "as brought in by the jury" irrevocably committed them to that position and that "the judgment which was entered by the Court was not a judicial determination of the rights of the parties, but rather a recital of an agreement," concerning which plaintiffs thereafter were estopped to complain. Our initial observation is that the record persuasively indicates that the court's subsequent course of action was neither the result of, nor materially influenced by, either (a) the above-noted *affirmative* request by *plaintiffs'* counsel for acceptance of the verdict or (b) the contemporaneous *negative* request of *defendants'* counsel that "the jury be sent back out" because "the verdict is an impossible verdict and . . . they should return another verdict." Having heard both requests the court responded "Gentlemen, I don't think I can do anything but to (sic) accept their verdict," albeit immediately indicating his personal doubt or uncertainty by inviting further exploration of the propriety of that action, "I would be glad to pursue whether or not it should be entered in accordance with the verdict."

In arguing this point in their brief, defendants' counsel primarily rely upon *State ex rel. Fletcher v. New Amsterdam Casualty Co.*, 430 S.W.2d 642 (Mo.App.1968), in which relator Fletcher and defendant New Amsterdam "voluntarily entered into [a] 'Stipulation for Settlement'" which "[t]he court approved," and "only the formal mechanics of concluding the settlement remained" when relator sought to set aside the court's order of approval. 430 S.W.2d at 645. Obviously, the order there under consideration was "not a *judicial* determination of rights, but a recital of an agreement" of the parties concerning which they would not be heard to complain on appeal. In striking contrast, instant plaintiffs and defendants were never in a state of common consent or mutual agreement. When read in the light of the facts of that particular case, as the opinion in each case must be read [*State on Inf. of Dalton v. Miles Laboratories*, 365 Mo. 350, 364, 282 S.W.2d 564, 573(12) (banc 1955); *Odum v. Cejas*, 510 S.W.2d 218, 225 (Mo.App.1974)], neither *Fletcher* nor either of the other two cases cited under this point [*Foger v. Johnson*, 362 S.W.2d 763 (Mo.App.1962); *Stanford v. Utley*, 341 F.2d 265 (8th Cir. 1965)] affords support for instant defendants' position on the transcript before us.

The trial court proposes to proceed, erroneously in our view, as if the jury had made a merely inadequate finding of damages on a general finding for plaintiffs. Because it cannot be said with certainty that the jury actually made a proper determination of either the general issue of liability or the specific issue of damages, we are definitely of the opinion that in remanding this cause for a new trial all issues must again be submitted. *Artstein v. Pallo*, supra, 388 S.W.2d at 882(8, 9); *Boone v. Richardson*, supra, 388 S.W.2d at 76–77(17). *Stroud v. Govreau*, supra, 495 S.W.2d at 684(2), in which an exceptional situation made a new trial limited to damages appropriate, is neither factually analogous nor legally controlling here.

In the particular facts and circumstances of this case, we are convinced that our appellate disposition should be, and accordingly is, (a) that the order of the Circuit Court of Camden County sustaining plaintiffs' motion for new trial "as to the issue of damages" and directing a new trial "on [the] sole issue of amount of damages" should be, and hereby is, set aside and for naught held, (b) that the cause should be, and hereby is, remanded to the Circuit Court of Camden County for retrial on all issues, and (c) that the costs of this appeal be taxed against plaintiffs-respondents.