**Billy G. MARTIN, Plaintiff-Respondent,**

v.

**Paul F. BRUNE, Defendant-Appellant.**

**No. 43919.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 9, 1982.

J. E. Sigoloff, St. Louis, for defendant-appellant.

William J. Fletcher, Clayton, for plaintiff-respondent.

SNYDER, Judge.

Paul F. Brune, defendant below, appeals from a jury verdict and judgment against him in a civil action in the amount of $15,-

000 and costs. Respondent's claim was based on a theory of fraudulent misrepresentation committed by appellant, as agent for the seller of an apartment building. Respondent alleged and offered proof that appellant had misrepresented the amount of the gas expense for the building. The judgment is affirmed.

In April, 1979, respondent Billy G. Martin, the owner of seven small flats and apartment buildings, talked with appellant, a licensed real estate broker, about some larger apartment buildings that appellant had advertised for sale. Appellant suggested respondent consider purchasing a 24 unit, U-shaped, garden apartment building located at 5820–5826 Cabanne, St. Louis, Missouri. Appellant formerly owned the building. Appellant had sold the building in 1976 to the then current owners, Crousby-Harris Associates, a partnership. Crousby-Harris had authorized appellant to sell the building for $85,000.

Appellant gave respondent a list of the annual income and expenses of the building. The list stated that the annual expenses for gas and electricity had been $5,572.61. Appellant took the information from the files of the Brune Management Company.

Appellant testified that his son operated the management company and that he had no knowledge of its operation. The evidence, however, indicated that appellant had a close relationship with the management company. Appellant and the management company shared offices and secretarial and bookkeeping help. Appellant had complete access to the management files. Appellant told respondent that the income and expense figures came from "our files" and that "we paid the bills." The Crousby-Harris partnership also dealt with appellant, not his son, when they had problems with the management of the building.

Appellant gave respondent the telephone number of a person at the gas company who respondent could call to confirm the appellant's expense figure. The gas company does not give out such information to anyone except an owner. However, appellant had a contact in the company who would give out the information to persons appellant referred to him. Respondent called the person and asked for the last year's gas bills for 5820 Cabanne. The information the person gave respondent was consistent with appellant's figures. After thoroughly inspecting the building and calculating its value based on appellant's figures respondent offered to buy the building for $85,000.

After purchasing the building appellant discovered that the annual gas bill figure appellant gave him was false. The annual bill actually totalled $11,644.33. The building had two separate meters and two separate bills, one for 5820–5822 Cabanne and the other for 5824–5826 Cabanne. The Brune Management Company had paid one of the bills, and the former owners, Crousby-Harris Associates, had paid the other directly to the gas company. The income and expense statement appellant gave respondent included only the bills paid by the management company.

At trial the jury found for respondent and against appellant and awarded damages of $15,000. Additional facts will be related as needed to discuss the issues raised.

Appellant attacks the trial court's denial of appellant's motion for a directed verdict at the close of all evidence because respondent failed to make a submissible case. Appellant argues respondent failed to prove that appellant knew the representation was false and that respondent failed to prove reliance because respondent performed an independent investigation. Appellant also asserts the trial court erred in submitting Instruction No. 8, MAI 23.05, as the plaintiff's verdict directing instruction, again because appellant failed to prove scienter and reliance. Because appellant failed to properly preserve the errors for review, this court's consideration of these points is limited to whether the trial court's actions were plain error. Rule 84.13(c).

A directed verdict is a drastic action and should be granted only where no reasonable and honest men could differ on a

correct disposition of the case. *Kreutz v. Wolff*, 560 S.W.2d 271, 275–276[1–3] (Mo. App.1977); *Carter v. Boy's Club of Greater Kansas City*, 552 S.W.2d 327, 328[1] (Mo. App.1977). In ruling on a motion for directed verdict at the close of the entire case, the court must consider all the evidence and reasonable inferences drawn from the evidence in the light most favorable to the plaintiff. *Dudley v. Dumont*, 526 S.W.2d 839, 843[1, 2] (Mo.App.1975). The trial court did not err when it denied appellant's motion for a directed verdict.

■ Appellant first contends respondent failed to make a submissible case because respondent made an independent investigation when respondent, at the suggestion of appellant, called the person at the gas company. Because of this investigation appellant contends respondent failed to prove the element of reliance. The point is ruled against appellant.

■ The essential elements of fraud are: 1) the maker recklessly or knowingly made a misstatement of material fact; 2) the maker made the statement to induce the other party to act on it; and 3) the other party actually relied and acted on the statement to his detriment. *Schnuck v. Kriegshauser*, 371 S.W.2d 242, 246–247[1] (Mo.1963); *Latta v. Robinson Erection Co.*, 363 Mo. 47, 248 S.W.2d 569, 576 (Mo. banc 1952). Every element of fraud must be proven. Failure to establish every element is fatal to the case.

■ When the injured party makes an independent investigation he is presumed to have relied on what he learned from that investigation and may not claim that he relied on the misrepresentation. *Consumers Cooperative Association v. McMahan*, 393 S.W.2d 552, 556[5, 6] (Mo.1965); *Kreutz v. Wolff*, 560 S.W.2d 271, 278[15] (Mo.App. 1977). Appellant asserts respondent made an independent investigation when he called the person at the gas company.

The person at the gas company, however, was not performing as an agent of the gas company when he gave respondent the information on the gas bills. The gas compa-

ny authorized the release of such information only to the owner of a building or pursuant to subpoena. Rather, the person at the gas company was providing a service for appellant. The person gave out the information only to parties referred to him by appellant. Therefore, it could be inferred that the gas company employee was not really independent of appellant and questions directed at him would not constitute an independent investigation. *See Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627, 636 (Mo.App.1980).

Reasonable men could believe that the phone call was not an independent investigation. Therefore, the evidence did not compel the trial court to direct a verdict in favor of appellant. Based on this point the trial court's actions did not constitute plain error.

■ Appellant further argues that respondent failed to prove knowledge on the part of appellant. Appellant says he reasonably relied on the management company's records, and that those records did not indicate the existence of a second gas bill. This point is also ruled against appellant.

■ Every element of fraud may be proven by circumstantial evidence. *Cantrell v. Superior Loan Corp., supra* at 634–635[2–5]; *Parker v. Green*, 340 S.W.2d 435, 439[5] (Mo.App.1960). There was sufficient circumstantial evidence of knowledge on the part of appellant that it was not plain error for the court to submit the issue to the jury. The evidence established that the persons managing the building knew that one of the gas bills was paid directly by the owners and that the management company records did not reflect the true expenses. Mr. Crousby testified that, as a result of a conversation with appellant concerning the problem of expenses exceeding income during the winter, one of the gas bills started coming directly to Crousby. The building manager obviously arranged to have one of the heating bills transferred to Crousby's address.

Although appellant denied any knowledge of the management company's affairs,

the circumstantial evidence presented could possibly persuade a reasonable man that appellant did have knowledge of the management of this particular building. First, appellant formerly owned the building. It could, therefore, be inferred that he knew there were two separate meters and accounts.

Second, appellant indicated to the former owners and to respondent that he was involved in the management. Mr. Crousby testified that when any problems came up in the management of the building he went to appellant. He dealt solely with appellant. When appellant offered the building to respondent he told him the income and expense statement came from "our records."

At trial appellant constantly referred to "our records" and "our bookkeeper" and "our office." From this evidence it could be inferred that appellant knew the details of the management of 5820–5826 Cabanne and, therefore, knew that the gas billing shown in the management company's records was not the total gas expense.

A plaintiff fails to make out a case of fraud when the facts and circumstances presented are as consistent with honesty and good faith as they are with fraud. *Schnuck v. Kriegshauser, supra* at 248[4–7]; *Powers v. Shore,* 248 S.W.2d 1, 6 (Mo. banc 1952). Failure to make a submissible case can be plain error. *Millar v. Berg,* 316 S.W.2d 499, 502–503 (Mo.1958). However, after considering all of the facts and circumstances presented in this case, this court finds that the trial court's denial of appellant's motion for a directed verdict did not constitute a manifest injustice or miscarriage of justice. There was no plain error.

Appellant finally claims the trial court erred in instructing on the elements of knowledge and reliance. Appellant bases these claims on his previous arguments that respondent failed to make a submissible case on the issues of knowledge and reliance. It was not plain error to submit

the cases on these issues. Therefore, it was not plain error to instruct on these issues.

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.