**BANK OF KIRKSVILLE,**
Respondent–Appellant,

v.

**Jimmie SMALL, Appellant–Respondent.**

No. 69148.

Supreme Court of Missouri,
En Banc.

Dec. 15, 1987.

Rehearing and/or Motion to Dismiss
Appeal Denied Jan. 20, 1988.

Russell E. Steele, Kirksville, for appellant-respondent.

Jay Benson, Kirksville, for respondent-appellant.

RENDLEN, Judge.

Suit on a promissory note. Plaintiff in Count I of its petition sought enforcement of a note dated May 25, 1972, alleging a balance due of $3,690.21 plus interest from December 4, 1981 and attorney's fees. Count II requested replevin of a mobile home alleged to be security for payment of the note.

Defendant denied the allegations of plaintiff's petition and asserted as affirmative defenses: payment; breach of contract; fraud in the inducement; and violations of the Motor Vehicle Time Sale Law and the Truth in Lending Act. Additionally, defendant counterclaimed for damages stemming from plaintiff's alleged fraudulent representations in connection with the loan transaction and by separate Count prayed damages for violation of the Truth in Lending Act. The latter was dismissed by the court prior to trial.

As to plaintiff's claim on the note (Count I), a verdict was directed by instruction numbered 7 providing in pertinent part, "[y]our verdict must be for plaintiff on plaintiff's claim for payment of the promissory note," but despite that mandate the jury returned a defendant's verdict. Plaintiff's claim for replevin (Count II) also resulted in a verdict for defendant and the court entered judgment for defendant on both counts in conformity with the jury's verdicts.[1] It is only the judgment as to plaintiff's Count I which remains for consideration in this appeal.

It should be noted at the outset that the verdict submitted on Count I was inconsistent with Instruction No. 7 in that it allowed the jury to find for defendant.

---

1. The court refused defendant's proffered instructions for his affirmative defenses to plaintiff's Count I as well as his counterclaim for fraud, holding in each instance that defendant failed to make a submissible case.

## VERDICT A

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff, Bank of Kirksville, against defendant, Jimmie Small, for payment of the promissory note, we, the undersigned jurors, find in favor of:

Jimmie Small

[The jury entered defendant's name in the blank provided on the form.]

(Plaintiff, Bank of Kirksville) or (Defendant, Jimmie Small)

Note: Complete the following paragraph only if the above finding is in favor of plaintiff, Bank of Kirksville.

We, the undersigned jurors, assess the damages of plaintiff, Bank of Kirksville, at $_____.

Plaintiff lodged no objection to the verdict prior to release of the jury but raised the point in its post-trial motion for judgment notwithstanding the verdict or alternatively, for new trial, claiming error in the jury's refusal to follow Instruction No. 7. This motion lay dormant for more than 90 days and accordingly was ruled against plaintiff.

The cause was transferred here by the Court of Appeals—Western District to determine whether *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986), bars plaintiff's right to pursue its allegation of error in the circumstances of this case. For reasons now discussed we hold that it does not.

■ The rule in *Douglass* requires that a party object to inconsistent verdicts before the jury is discharged or, failing so to do, be deemed to have waived the error, but the rule applies in those cases where the intent of the jury cannot be ascertained from the face of the verdict or which incorporate two or more contradictory findings.[2]

---

2. This Court in *Burnett v. Griffith*, 739 S.W.2d 712 (Mo. banc 1987) explained in some detail the type of cases involving inconsistent verdicts governed by the *Douglass* rule.

An example is found in *Jenkins v. McShane*, 539 S.W.2d 752 (Mo.App.1976) where the jury found for plaintiffs on their suit to enforce a promissory note but awarded damages in the amount of zero dollars and because the jury's intent could not be determined from the verdict, *id.* at 754, the trial court was required to resubmit the issue. A verdict suffering such defect is correctable not by the court but by the jury that returned it, and as noted above the issue must be resubmitted to the jury or the defect is waived. *Douglass*, 712 S.W.2d at 374.

■ Here, because the verdict for defendant was violative of the instruction, it was legally impermissible and the court was free to disregard it. In *State ex rel. Witte Hardware Co. v. McElhinney*, 100 S.W.2d 36, 38 (Mo.App.1937), the court faced substantially the same issue presented by this appeal. That was a case in which plaintiff sued to enforce a promissory note and the trial court gave its peremptory instruction directing a plaintiff's verdict. On the jury's refusal to follow the court's instruction a mistrial was ordered and plaintiff, dissatisfied with that result, sought mandamus to require entry of judgment in its favor. The Court of Appeals issued its writ, holding that when the jury returned a verdict contrary to the mandatory verdict directing instruction the trial court was free to disregard it and enter judgment for the party in whose favor the verdict had been directed.

A legally impermissible verdict is a nullity, without legal effect; such verdict has been described as the product of a jury lacking in authority to render it. *McElhinney* 100 S.W.2d at 36. A judge's decision to direct a verdict for one party represents a determination that as a matter of law the evidence in the case is insufficient to support the claim or the defense of the party against whom the verdict is directed. In so doing the judge does not pass on the weight of the evidence; rather, he rules as a matter of law that no verdict is legally permissible under the evidence other than the verdict he directs.

The jury in a directed-verdict case departs from its usual function of passing on the weight of the evidence and

> acts only formally, perfunctorily, and ministerially as the instrument by which the court prepares the orderly record which will support the only judgment that can lawfully be rendered in the case. Under such circumstances, though the act of returning a directed verdict purports to be that of the jury, it is in legal effect the act of the court itself, and the function of the jury in returning a directed verdict is as much ministerial as is the act of the clerk of the court in subsequently entering up the judgment based thereon.

*McElhinney*, 100 S.W.2d at 38. The jury's presence is not required to correct a verdict flatly contrary to a trial court's instruction mandating a specific result, for the court alone possesses the authority to correct such legally impermissible verdict, and requiring an aggrieved party to request resubmission of the issue would serve no purpose. The aggrieved party may reserve his objection for post-trial proceedings.

We must next determine whether the trial court erred in the first instance by mandating a plaintiff's verdict and if not, by thereafter denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial. Stated otherwise, if the trial court's initial decision to direct a verdict in favor of plaintiff on Count I of its claim was correct, then was it not obligated to grant plaintiff's motion for judgment notwithstanding the verdict?

A directed verdict is a drastic action to be taken sparingly and only where "reasonable men in an honest and impartial exercise in their duty could not differ on a correct disposition of the case." *Stogsdill v. General Am. Life Ins. Co.*, 541 S.W.2d 696, 698 (Mo.App.1976).

> [Although] '[i]t is a generally accepted rule in this state that a verdict may not be directed in favor of the proponent, that is the party upon whom the law casts the final burden of proof ... [t]here is, however, a well [recognized] exception to the rule. If the opponent,

that is the party not having the burden of proof, admits either in his pleadings or by counsel in open court or in his individual testimony on the trial the truth of the basic facts upon which the claim of the proponent rests, a verdict may be directed against him, and if the proof is altogether of a documentary nature and the authenticity and correctness of the documents are unquestioned, and if such proof establishes beyond all doubt the truth of facts which as a matter of law entitled the proponent to the relief sought, and such proof is unimpeached and uncontradicted, the proponent will be entitled to a peremptory instruction. This is upon the theory that there is no question of fact left in the case and that upon the questions of law involved the jury has no right to pass. * * *' *Rogers v. Thompson*, 364 Mo. 605, 265 S.W.2d 282, 287; *Prevost v. Wilkin*, Mo. App., 358 S.W.2d 417 [1, 2]; *Curry and Company v. Hedrick*, Mo. 378 S.W.2d 522 at 531.

Cited by the Court in *Commerce Trust Co. v. Howard*, 429 S.W.2d 702, 707 (Mo.1968).

In a suit on a promissory note plaintiff makes a prima facie case when the note admittedly signed by the makers is introduced into evidence and there is evidence to show that the note is unpaid or there is a balance due and owing. Section 400.3–307(2) RSMo 1965, provides that when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant established a defense. The Uniform Commercial Code Comment, 20A V.A.M.S. p. 602 with respect to this section of the Code states: "Once signatures are proved or admitted, a holder makes out his case by mere production of the instrument, and is entitled to recover in the absence of any further evidence. The defendant has the burden of establishing any and all defenses, not only in the first instance but by a preponderance of the total evidence."

*Beneficial Fin. Co. of St. Chas. v. Kitson*, 530 S.W.2d 497, 502–503 (Mo.App.1975).

Our examination of the record discloses that the verdict directing instruction was proper. The document which plaintiff sued to enforce was titled "Security Agreement Non–Motor Vehicle Retail Installment Contract" and the bottom portion of the document, delineated by a dotted line, was styled "Note." The principal sum recited in the note was $14,457.40 and four signatures, including defendant's, appear in the space provided for the "Undersigned" who agreed to pay "Walker Mobile Homes" the amounts due thereon.

The original maker, Johnnie Bowers, executed the note in May, 1972 payable to Walker Mobile Home Sale, Inc. when he purchased a mobile home from Walker. In November of that year Bowers sold the home to Richard Ralston, who with his wife Olivia added their signatures to the note at that time. Later the same year Walker assigned its interest in the note to plaintiff.

Defendant's signature appears on the line beneath those of the Ralstons and though no date appears, plaintiff's loan officer testified defendant signed the note in April 1974 when he bought the mobile home from plaintiff, who had sometime previously repossessed it from the Ralstons, and when defendant assumed the note, the unpaid balance was $11,806.84.

In a suit on a promissory note a prima facie case is made when the note, admittedly signed by the makers, is introduced and evidence follows demonstrating the note is unpaid or that a balance is due and owing. *Beneficial*, 530 S.W.2d at 502. Here the note was introduced and the signature admitted by defendant; the bank's ledger cards, the authenticity of which remains unchallenged, showed that defendant's last payment was June 3, 1981, with an outstanding balance on that date of $3,537.09.[3] Plaintiff's proof of these facts was neither impeached nor contradicted, *see Commerce Trust Co.*, 429 S.W.2d at 707, and absent defendant's establishing a submissible is-

---

**3.** The ledger card also reflected a subsequent insurance add on of $171.00 entered August 18, 1981.

sue by way of its affirmative defenses or counterclaim, the court could properly mandate a plaintiff's verdict.

In determining whether defendant made a submissible case on his affirmative defenses, we view the evidence in a light most favorable to defendant's theory of the case and disregard plaintiff's evidence except as it aids defendant. Moreover, defendant is afforded all favorable inferences that may reasonably be drawn from the evidence. *Kreutz v. Wolff*, 560 S.W.2d 271, 275–276 (Mo.App.1977).

Defendant asserted four affirmative defenses to plaintiff's claim on the note: (1) set-off; (2) violations of the motor vehicle time sales law and the truth in lending act; (3) payment; (4) fraud in the inducement. Defendant failed to request instructions on the first two of these affirmative defenses and they are held to have been abandoned. *State ex rel. State Highway Commission v. City of Washington*, 533 S.W.2d 555, 559 (Mo.1976). However, had defendant requested such instructions the trial court would have been obligated to refuse them because defendant offered insufficient evidence to support their submission.

In a suit on a promissory note, a defendant-maker who pleads the affirmative defense of payment has the burden of establishing it. Rule 55.08; *Don Anderson Enterprises, Inc. v. Entertainment Enterprises, Inc.*, 589 S.W.2d 70, 73[4, 5] (Mo.App.1979); *Bradley v. Buffington*, 534 S.W.2d 571, 573[1–3] (Mo.App.1976). This burden is so formidable that even if a promissory note is stamped "PAID", a presumption of payment arises, but the burden of proving payment continues to rest on the maker of the note. *Mercantile Bank & Trust Co. v. Vilkins*, 675 S.W.2d 673, 675 (Mo.App.1984). Therefore, in this case [defendant,] as maker of the promissory note, admitted as Exhibit "A", had the burden of proving payment on the note. *Estell v. Estate of Iden*, 714 S.W.2d 774, 776 (Mo.App.1986). Defendant offered no evidence indicating he had paid the balance due on the note and though a coupon book was introduced it was not demonstrated that the book was an official or accurate record of payment.

The only other affirmative defense on which defendant sought an instruction was fraud in the inducement, based on the allegation that plaintiff fraudulently induced him to sign the promissory note by false representations.

The elements necessary to support a case of fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his representation be acted upon; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth of the representation; (8) the hearer's right to rely on the representation; and (9) the hearer's subsequent and proximate injury. *Teal v. Lee*, 506 S.W.2d 492, 496 (Mo.App.1974). Fraud may be established by circumstantial evidence, *Martin v. Brune*, 631 S.W.2d 77, 80 (Mo.App.1982); however, it may not be presumed, and a party's case will fail if he can show only facts and circumstances which are equally consistent with honesty and good faith. *Macon-Atlanta State Bank v. Gall*, 666 S.W.2d 934, 941 (Mo.App.1984). To make a submissible case, defendant must have adduced evidence to establish each of the nine elements. *Empire Gas Corp. v. Small's LP Gas Co.*, 637 S.W.2d 239, 242 (Mo.App.1982). In determining whether there was sufficient evidence to submit defendant's counterclaim, the evidence is viewed in the light most favorable to defendant, giving defendant the benefit of any favorable inferences and disregarding any unfavorable inferences. *See Lamke v. Lynn*, 680 S.W.2d 285, 287 (Mo.App.1984). Defendant's evidence of his fraud theory was that plaintiff fraudulently induced him to sign the note by 1) promising him a $1,500 set off for furniture and appliances which defendant alleges plaintiff removed from the home; 2) promising that his original $1,000 down payment would reduce the size of his payments. 3) promising him that all insurance premiums were included in the original principal amount of the loan; 4) promising him that it would draft and execute a new contract incorporating these terms. The evidence to

support this theory consisted of defendant's testimony concerning these four promises.

■ Taking all evidence introduced or proffered by defendant as true, the evidence of the so-called fraud demonstrates only that the terms to which defendant agreed before executing the note were different from those included in the document he signed. A mere failure of performance does not establish knowledge or intent of the speaker to defraud, nor does it shift the burden of proof. *Bauer v. Adams,* 550 S.W.2d 850, 853 (Mo.App.1977). Moreover, the record lacks any evidence establishing that the alleged representations were made by plaintiff's agent with the knowledge they were false or made in ignorance of their truth. Defendant not only failed to adduce such evidence but failed to include such evidence in an offer of proof.[4] While it is true that fraud may be established by circumstantial evidence, *Martin v. Brune,* 631 S.W.2d 77, 80 (Mo.App.1982), it may not be presumed, and a party's case will fail if he can show only facts and circumstances which are equally consistent with honesty and good faith. *Macon–Atlanta State Bank v. Gall,* 666 S.W.2d 934, 941 (Mo.App.1984). The difficulty of proving these elements does not dispense with the necessity of making the proof, *Lowther v. Hays,* 225 S.W.2d 708, 713 (Mo.1950), and the failure to establish these elements is fatal to defendant's claim. *Strebler v. Rixman,* 616 S.W.2d 876, 878 (Mo.App.1981).

The decision whether a party has adduced sufficient evidence to support its request for an instruction on an affirmative defense is a question of law for the trial court, *Lammers v. Greulich,* 262 S.W.2d 861, 865 (Mo. banc 1953), and we find that the trial court here correctly denied defendant's request for an instruction on his affirmative defense of fraud. It necessarily follows that because defendant's counterclaim for fraud was based on the same insufficient showing, defendant was not entitled to an instruction submitting such counterclaim to the jury.

Defendant further argues he would have been able to prove his claim of fraud in the inducement but for the trial court's exclusion of proffered testimony by misapplication of the parol evidence rule.

In his brief defendant states:

In the instant case, the trial court continually sustained objections from Plaintiff based upon the parol evidence rule. Evidence was offered through testimony and offers of proof which established fraud in the inducement of the contract between the Bank of Kirksville and Jimmie Small. The evidence which showed the elements of fraud in the inducement focused specifically upon the circumstances and representations in the contract negotiations.

In an attempt to ascertain with specificity the basis for defendant's complaint, the Court has reviewed defendant's evidence and finds it was during defendant's testimony that plaintiff invoked the parol evidence rule. Plaintiff lodged 32 objections and was sustained approximately half the time. Of the 32 objections, only 10 were on the basis of the parol evidence rule, and only 2 of those were sustained. Review of defendant's point is limited to those two instances.

The first parol evidence objection that was sustained occurred in the following manner:

Q. You indicated earlier that yourself and Mr. Moore went into the mobile home and viewed it, and you stated that there was no furnishings in the mobile home except for a gold couch. Did the fact that there was no furniture in the mobile home enter into the question of the value, and the price?

A. When we got to the bank it did, yes.

Q. What was that discussion?

MR. STEELE: Your Honor, I'll make an objection. The same objection as the previous objection.

COURT: For the record that's on the parol evidence rule, and the Statute of Frauds?

---

**4.** Defendant made two offers of proof but they related only to damages allegedly suffered by defendant as a result of plaintiff's fraudulent representations.

MR. STEELE: That's correct.

COURT: Overruled.

A. I was receiving $1500 credit for the furniture and appliances. I was not receiving in my purchase of this mobile home C1197.

COURT: *The objection is sustained.* The jury is instructed to disregard the statement of the witness.

(Out of hearing of the jury)

MR. AMON: Can we get a clarification of that ruling, Your Honor. I thought the question was clear.

COURT: It clearly violates the parol evidence rule. It's objectionable in the Court's view.

MR. AMON: Two things; one, we have shown that there are several ambiguities contained in the contract with respect to time, place, amount, payments—

COURT: I understand what you're saying, but how does that have any bearing upon the—

MR. AMON: The exceptions to the parol evidence rule state that where there are latent ambiguities contained in the contract, that parol evidence can be sued to determine the intent of the parties involved.

COURT: The objection will—The ruling will stand. (Emphasis added)

■ Defendant is correct in stating that parol evidence is admissible to determine the intent of the parties where an ambiguity exists within the contract. *See Craig v. Jo B. Gardner, Inc.,* 586 S.W.2d 316, 324 (Mo. banc 1979), and *State Bank of Fisk v. Omega Electronics, Inc.,* 634 S.W.2d 234, 237 (Mo.App.1982). However, there was no ambiguity within the written contract (security agreement) on the issue whether plaintiff represented to defendant that he was to receive $1,500 credit for furniture and appliances; indeed the contract was silent as to these matters. A contract cannot be said to be ambiguous in the manner alleged here when none of its provisions are pointed to that do not have a clear meaning. *Nation-wide Check Corp. v. Robinson,* 479 S.W.2d 192, 194 (Mo.App. 1972), *see also Board of Regents for Southeast Missouri State College v. Min-ner Construction Co.,* 446 S.W.2d 841, 844 (Mo.App.1969).

■ Defendant argues further that the evidence was erroneously excluded because the parol evidence rule does not forbid the use of evidence to show that the agreement was entered into as a result of fraud, citing *Employers' Indemnity Corp. v. Garrett,* 327 Mo. 874, 38 S.W.2d 1049, 1053–54 (1931), and though this is a correct statement of the law, there are firmly established exceptions.

The evidence in question, excluded as violative of the parol evidence rule, was that defendant and plaintiff's agent, Moore, agreed prior to the signing of the note that defendant would receive a $1,500 credit for furniture and appliances. It is the well-settled that parol agreements made prior to or contemporaneously with the execution of a note, which merely tend to contradict or vary the terms of the note, cannot be raised as a defense to a suit on the note. *F.M. Deuchler and Company v. Hampton,* 339 S.W.2d 499, 503 Mo.App. 1960). The trial court did not err in sustaining plaintiff's objection and excluding the evidence.

The only other time the court sustained plaintiff's parol evidence objection, occurred in the following colloquy:

Q. (By Mr. Amon) I'll restate my question. What was the basis of your agreement, that was the question?

MR. STEELE: Your Honor, I'll make the objection that this is an attempt to circumvent the parol evidence rule and the Statute of Frauds rule, and ask the Court to sustain the objection.

COURT: Sustained.

Again, because evidence of any agreements made prior to or contemporaneously with the signing of the note which vary or contradict its terms will not be admissible as a defense to a suit on the note, the trial court did not err in sustaining plaintiff's objection to the question.

We hold that the trial court properly directed a verdict for plaintiff on Count I and erred in denying plaintiff's motion for judgment notwithstanding verdict. The

cause is remanded and the trial court directed to enter judgment for the plaintiff on Count I of its petition. Moreover, the record is sufficient for the court to calculate the amounts owing plaintiff on his claim, *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986), and it may award plaintiff attorney's fees as provided in the stipulation of the parties.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON and HIGGINS, JJ., concur.

DONNELLY, J., dissents.