**BANK OF KIRKSVILLE,**
**Plaintiff–Respondent,**

v.

**Jimmie SMALL, Defendant–Appellant.**

**No. WD 40777.**

Missouri Court of Appeals,
Western District.

March 14, 1989.

Tweedie Fisher, Jefferson City, for defendant-appellant.

Russell E. Steele, Jayne & Steele, Kirksville, for plaintiff-respondent.

Before MANFORD, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Following the opinion in *Bank of Kirksville v. Small*, 742 S.W.2d 127 (Mo. banc 1987), the trial court entered judgment in favor of the Bank in the amount of $5885.56 for principal and interest and a judgment for $1,000 for attorney fees. The court calculated interest at 9% on the balance due on the note.

On this appeal, Small contends the court erred in its calculation of interest, by failing to allow Small to conduct discovery with reference to newly discovered evidence, and in refusing to allow Small to testify regarding an arrangement between him and the Bank when the note was signed. Affirmed.

In *Bank v. Kirksville, supra,* the court held that the Bank had made a prima facie case on its note and found that as of June 3, 1981, Small owed $3,537.09 plus $171 for insurance. The court held that Small failed to make a submissible case of any affirmative defense. The court directed the trial court to enter judgment in favor of the Bank and held that the record was sufficient for the court to calculate the interest due. The court further held that the trial court could award attorney fees as stipulated by the parties during trial.

Within fifteen days after the trial court entered judgment, Small filed a motion for a new trial alleging that the calculation of interest was wrong and that he had newly discovered evidence that the Bank was not entitled to recover attorney fees because the note provided attorney fees would only be allowable if the attorney were not a salaried employee of the Bank. The motion alleged that the Bank's attorney, E.R. Jayne, was a salaried employee because he was a member of the Bank's Board of Directors. The motion was not verified but was accompanied by an affidavit executed by the attorney who represented Small during the first trial but who was not in the case at the time the trial court entered the judgment in question here.

Small first contends that the court erred in beginning interest on June 3, 1981 on $3,537.09 and on August 18, 1981 on the sum of $171. The Supreme Court held that as of June 13, 1981 the balance due was $3,537.09 and the $171 became due on August 18, 1981. The court correctly began interest on those dates.

Small next contends that the rate of interest on the note is fixed by § 408.020, RSMo 1986, because the note contained a provision concerning interest after maturity but the rate was left blank. Small contends that § 408.020, was amended effective September 28, 1979 and that prior to that the statute fixed the rate at 6%. Small contends the note was executed prior to 1979 and the rate of 6% was incorporated into the note when Small executed it and such rate did not change with the amendment of the statute.

The answer to this argument is that the interest is fixed by statute and not by contract. Since the note left the percent blank, the parties did not agree on a rate of interest. Section 408.020, provides creditors shall receive interest at the rate of 9% per annum when no other rate is agreed upon. In *Senn v. Commerce–Manchester Bank*, 603 S.W.2d 551, 554 [2, 3] (Mo. banc 1980), the court held that interest on judgments accrues as a result of the statute fixing the rate of interest which judgments shall bear and not by contract. The court held that the amendment of the statute prescribing the rate of interest judgments

would bear applied to a judgment rendered prior to the amendment but the new rate would only apply from the effective date of the amendment. Here the interest rate is prescribed by statute and not by the contract and under *Senn* the rate of interest in effect in June and August of 1981 is the rate which the court should apply. At that time the statute had been amended to provide interest at 9% and the court correctly calculated interest at the rate of 9%.

■ Small next contends that he was entitled to conduct discovery to prove that one of the Bank attorneys was a salaried employee of the Bank and for that reason the Bank was not entitled to attorney fees. The motion for new trial alleged that E.R. Jayne, one of the Bank attorneys was a member of the Board of Directors of the Bank and was thereby a salaried employee. Attached to the motion were pages from the Missouri Bank Directory for the years 1982 to 1986 which listed Jayne as a member of the Board of the Bank. The motion did not contain any facts showing that the delay in discovering this fact was not because of the want of due diligence. The affidavit attached to the motion by the previous attorney for Small stated that the idea that Jayne was a member of the Bank board did not occur to him and he did not think that an attorney would request attorney fees if he were a salaried employee of the Bank when the note provided attorney fees would not be recoverable if the attorney were a salaried employee of the Bank. Likewise the affidavit failed to set forth any facts showing that the failure to discover Jayne's status with the Bank was not the result of a failure to exercise due diligence.

In *Womack v. McCullough,* 358 S.W.2d 66, 68[2, 3] (Mo.1962), the court stated that the grant of new trials for newly discovered evidence is not favored and the motion is received with caution. The court further stated the requirements which a party must show to obtain relief on the ground of newly discovered evidence. This includes the obligation to show that the evidence has come to the party's knowledge since the trial and that such knowledge did not come to the party sooner because of the want of due diligence. The court further held that the trial court is permitted a broad discretion in granting a new trial on such ground and only where an abuse is clearly shown will an appellate court interfere. *Id.*

*Womack* further held that the motion for a new trial should set out the proposed evidence and facts showing diligence should be stated in a verified motion or in an affidavit accompanying the motion. *Id.* at 69[4–6].

Here neither the motion for new trial nor the affidavit contained facts showing diligence in discovering Jayne was a member of the Bank board. In fact, the motion contained pages from the Bank Directory which plainly listed Jayne as a member of the Board from 1982–1986. The only reason given for not calling this fact to the attention of the court sooner was the affidavit which stated that it never occurred to the former attorney that Jayne would file a petition asking attorney fees when he was a salaried employee of the Bank and the note provided no attorney fees could be awarded in that circumstance.

The fact that it never occurred to the previous attorney that Jayne might be a member of the board is not a showing of due diligence to determine the facts of whether or not the Bank attorneys fell within the exception in the note relative to attorney fees. Further, the question of whether or not being a member of the Board made Jayne a salaried employee of the Bank is not an open and shut proposition so that no bad faith or unethical conduct could be ascribed to Jayne in bringing the suit and asking for attorney fees. Most importantly, the fact that Jayne was a member of the board was public knowledge through publications which were readily available as demonstrated by the attachments to the motion. The failure of the motion or the affidavit to state facts showing that due diligence had been exercised to determine the facts now sought to be introduced provide ample grounds for the court to exercise its discretion to deny

relief on the ground of newly discovered evidence.

◼ Small further contends that the trial court should have allowed him to testify regarding conversations he had with a bank officer at the time Small signed the note which would show that Small was entitled to a credit of $1500. In *Bank of Kirksville,* the court dealt with the introduction of parole evidence and dealt with the very $1500 set off which Small attempts to raise again. *Id.* at 131. The court held that evidence of agreements made prior to or contemporaneously with the signing of the note are not admissible to vary or contradict its terms. *Id.* at 133[6]. Since this matter was dealt with in the previous opinion the trial court had no authority to reopen that matter. *Green v. Stanfill,* 641 S.W.2d 490, 492 (Mo.App. 1982), (when evidence on a second appeal is substantially the same as that on the first appeal the first appeal becomes the law of case.)

The judgment is affirmed.

All concur.