

# Missouri Court of Appeals

## Southern District

### Division Two

DEBORAH HAMILTON,                               )
Personal Representative of the                  )
Estate of Carl D. Jungers, Sr.,                 )
and MIKE MORGAN,                                )
                                                )
     Plaintiffs-Respondents,              )
                                                )    No. SD33894
    vs.                                     )    Filed:  February 3, 2016
                                                )
JAMES MASSENGALE, JR.,                          )
and BERT BRIDGES,                               )
                                                )
     Defendants-Appellants.               )


### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Judge

**<u>REVERSED AND REMANDED</u>**

James Massengale, Jr. ("Massengale"), and Bert Bridges ("Bridges") (collectively "Appellants") appeal from the trial court's grant of summary judgment in favor of Deborah Hamilton ("Hamilton"), personal representative of the Estate of Carl D. Jungers, Sr. ("Jungers"), and Michael Morgan ("Morgan") (collectively "Respondents"). Appellants assert two points of alleged trial court error. Because the trial court erred in granting summary judgment, we reverse.

## Facts and Procedural History

In this case involving review of a grant of summary judgment, we view the record and all reasonable inferences therefrom in the light most favorable to Appellants, the non-movants, subject to the requirements of Rule 74.04.[1]  *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376, 381–82 (Mo. banc 1993).

At issue in this case is the enforcement of four promissory notes:  two of which were executed by Massengale—one in favor of Jungers and the other in favor of Morgan—with face values of $54,650 each; and two of which were executed by Bridges—one in favor of Jungers and the other in favor of Morgan—with face values of $21,860 each (collectively "the promissory notes").[2]  The promissory notes were executed on February 23, 2011, and specify a repayment date of August 31, 2011.  In addition, the promissory notes reflect that they are "collateralized by [Appellants'] shares of HHA Holding, Inc."  The remedy sought by Respondents, however, is limited to the dollar amounts of the promissory notes.

The record reflects no dispute as to any material fact necessary to prove the elements of Respondents' causes of action on the promissory notes.[3]  Appellants admitted they executed the promissory notes, they understood the terms of the promissory notes and the terms were not ambiguous, they received checks for the face values of the promissory notes, they used the funds received for their benefit, demand for payment was made, and they have not made any payments

---

[1] All rule references are to Missouri Court Rules (2015).  All statutory references are to RSMo Cum.Supp. 2001.

[2] Initially there were four separate petitions filed on each of the four promissory notes:  two by Deborah Hamilton as the Personal Representative of the Estate of Carl D. Junger, Sr., and the other two by Mike Morgan.  These four cases were eventually consolidated, by agreement of the parties, into case number 1331-CC00119, from which this appeal arises.

[3] Appellants admit each of the thirty-eight facts listed in Respondents' statement of uncontroverted material facts.

on the promissory notes despite demand.[4] However, Appellants allege they were fraudulently induced by Respondents into executing the promissory notes, thereby precluding enforcement.[5]

In support of their claim, Appellants alleged they, along with Jungers and Morgan, were shareholders of a corporate entity, Bore-Flex Industries, Inc. ("Bore-Flex"), and that the promissory notes were part of a compensation agreement whereby Jungers and Morgan would acquire Appellants' stock in another entity, HHA Holding, Inc. Appellants further alleged that the promissory notes were utilized to effectuate this agreement so as to avoid setting a value for the stock being purchased.[6] Appellants assert they received certain assurances by these representations that they would not have to "pay back" the promissory notes but would only have to turn over their stock in HHA Holding, Inc. According to Appellants, Respondents have refused, despite request, to accept Appellants' shares of HHA Holding, Inc.

During discovery, Appellants deposed Bill Dunton ("Dunton"), Bore-Flex's accountant, concerning the purpose of the promissory notes. On the advice of Respondents' counsel, Dunton refused to answer all such related questions on the basis of accountant-client privilege. Appellants then sought a court order compelling Dunton to answer Appellants' deposition questions. In support of this motion, Appellants submitted the declaration of Tiffani D. Claussen ("Claussen"), chief financial officer of Bore-Flex, which generally reiterated Appellants' fraudulent-inducement allegations. The trial court ultimately denied Appellants' motion.

---

[4] The elements in an action on a promissory note are: the existence of a valid promissory note signed by the maker; a remaining balance due on the note; and a demand on the maker for payment has been made and refused, leaving the maker in default. **Mobley v. Baker**, 72 S.W.3d 251, 257 (Mo.App. W.D. 2002).

[5] Although Appellants only address fraudulent inducement on appeal, Appellants specifically pled, based on the same set of alleged facts, that Respondents' claims "are barred by the doctrines of waiver, estoppel, novation, release, failure of consideration, and/or fraud in the inducement." Appellants also counterclaimed on the grounds of fraud and breach of contract.

[6] Appellants claim that Jungers and Morgan were negotiating to purchase shares of HHA Holding, Inc., that had been seized by the United States government.

3

Thereafter, on Respondents' motion, the trial court granted summary judgment on all claims. In addition to establishing that there was no dispute of material fact as to their claims on the promissory notes, Respondents further established there was no dispute among the parties that any discussions regarding the purpose of the promissory notes, to the extent having taken place, occurred prior to execution. In their supporting brief, Respondents argued that Appellants could not establish their "right to rely" on any alleged misrepresentations and that the parol evidence rule barred any evidence of an agreement that varied or contradicted the terms of the promissory notes.

Appellants raise two points on appeal: (1) that the trial court's grant of summary judgment in Respondents' favor was erroneous because Respondents failed to negate Appellants' defense of fraudulent inducement; and (2) the trial court's denial of Appellants' motion to compel deposition answers from Dunton was erroneous because the accountant-client privilege either does not apply, has been waived, or is subject to exception under the facts of this case.

With regard to Appellants' first point, Appellants apparently concede that Respondents established the necessary elements of their claims on the promissory notes. Thus, the only issue for our determination is whether Respondents also defeated Appellants' fraudulent-inducement defense. We find that Respondents failed to do so. Because the first point is dispositive, we need not address Appellants' second point.[7]

---

[7] Because summary judgment was inappropriate, we must remand. The second point raises claims as to an interlocutory order of the trial court on a discovery issue. The parties may submit additional evidence on that point, and the trial court, as well as the parties, will have the parties' briefs and arguments here, available for any further rulings required.

4

*Point I – Respondents Failed to Demonstrate that Summary Judgment*
*was Appropriate as to Appellants' Fraudulent-Inducement Defense*

**Standard of Review**

Our review of a summary judgment is "essentially de novo." ***ITT Commercial Fin.***
***Corp.***, 854 S.W.2d at 376.

> The criteria on appeal for testing the propriety of summary judgment are no
> different from those which should be employed by the trial court to determine the
> propriety of sustaining the motion initially. The propriety of summary judgment
> is purely an issue of law. As the trial court's judgment is founded on the record
> submitted and the law, an appellate court need not defer to the trial court's order
> granting summary judgment.

***Id.*** (internal citations omitted).

When considering an appeal from summary judgment, we review the record in the light

most favorable to the party against whom judgment was entered. ***Id.*** Thus, we afford the benefit

of all reasonable inferences to the non-movant. ***Id.***

**Analysis**

We begin by noting that the trial court's order on Respondents' motion for summary

judgment did not state the basis for the court's decision. Nonetheless, we will affirm the trial

court's award of summary judgment on any basis supported by the summary judgment record.

***Victory Hills Ltd. P'ship I v. NationsBank, N.A.***, 28 S.W.3d 322, 327 (Mo.App. W.D. 2000).

When a non-movant party pleads an affirmative defense, the party seeking summary

judgment must show more than the elements of its claim to establish a right to summary

judgment as a matter of law. ***ITT Commercial Fin. Corp.***, 854 S.W.2d at 383. The party

seeking summary judgment "must also show, beyond any genuine dispute, the nonexistence of

some fact essential to the affirmative defense put forward by the non-moving party or that the

5

defense is legally insufficient." ***Id.*** It does not matter that the non-movant will bear the burden on this issue at trial:

> [A] claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law. Unlike the burden of establishing *all* of the facts necessary to his claim, however, the claimant may defeat an affirmative defense by establishing that *any one* of the facts necessary to support the defense is absent. At this stage of the proceeding, the analysis centers on Rule 74.04(c); it is irrelevant what the non-movant has or has not said or done.

***Id.*** at 381 (emphasis in original).

Respondents argue that they were entitled to summary judgment for three reasons. First, Respondents argue that "Appellants failed to properly plead an affirmative defense of fraudulent inducement." The parties agree that the elements constituting fraud are:

> 1) a representation, 2) its falsity, 3) its materiality, 4) the speaker's knowledge of its falsity, or his ignorance of its truth, 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, 6) the hearer's ignorance of the falsity of the representation, 7) the hearer's reliance on the representation being true, 8) his right to rely thereon, and 9) the hearer's consequent and proximately caused injury.

***Sofka v. Thal***, 662 S.W.2d 502, 506 (Mo. banc 1983). As a general rule, "[a] pleader is required to state only the ultimate facts and it is not necessary to plead the facts or circumstances by which the ultimate facts will be established." ***Smith v. Lewis***, 669 S.W.2d 558, 562 (Mo.App. W.D. 1983). We note that under Rule 55.15, all averments of fraud must state with particularity the circumstances constituting the fraud, although malice, intent, or other states of mind may be averred generally.[8]

---

[8] We note that Appellants' fraudulent-inducement affirmative defense and fraud counterclaim can be read interchangeably. *See* Rule 55.08 ("When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court may treat the pleadings as if there had been a proper designation."). We also note that Respondents did file a Motion for More Definite Statement, pursuant to Rule 55.27(d), with regard to Appellants' fraud counterclaim. No such motion, however, was filed with regard to Appellants' fraudulent-inducement affirmative defense, thus waiving the particularity requirement of Rule 55.15 as to the defense. Rule 55.27(f); ***Clark v. Olson***, 726 S.W.2d 718, 719 (Mo. banc 1987).

6

We observe that Appellants' pleadings contain the following specific averments as part of their affirmative defenses:

At or near the time Bore-Flex Industries, Inc.'s assets were sold to Boreflex, LLC on January 18, 2011, Morgan and [Jungers] agreed to provide additional compensation to [Appellants] from [the] sale of Bore-Flex Industries' assets. The parties agreed that the additional compensation would include the sale of [Appellants'] stock in HHA Holding, Inc. to Morgan and Jungers. However, at that time, Morgan and Jungers were also interested in purchasing Mr. Jeff Miller's HHA Holding, Inc. stock which had been seized by the United States government and they did not want to establish a value for the HHA Holding stock through the purchase of [Appellants'] shares. As a result, Morgan and Jungers proposed a plan to purchase [Appellants'] HHA Holding stock in which [Appellants] would execute Promissory Notes to Morgan and Jungers secured by [Appellants'] HHA Holding stock. Morgan and Jungers assured [Appellants] that the Promissory Notes would be executed only so that a value would not be set for the HHA Holding stock and they promised [Appellants] that [they] would never be required to pay the Promissory Notes. Instead, Morgan and Jungers promised [Appellants] that [they] would only be required to turn over [their] HHA Stock to Morgan and Jungers.

Additionally, Appellants' fraud counterclaim, in addition to making and incorporating averments similar to those above, contained the following general allegations: "The representation was false in that Morgan and/or Jungers had no intention of performing the promise at the time it was made[]"; "Morgan and Jungers made the representation with the intent to deceive and for the purpose of inducing [Appellants] to act upon the representation[]"; "[Appellants] did not know, and could not have known through the exercise of reasonable diligence, of the falsity of Morgan's and Jungers' representation[]"; and "[Appellants] reasonably relied and acted on upon [sic] Morgan's and Jungers' representation."

Respondents provide only a conclusory argument that the above averments fail to state a claim of fraud. We are unconvinced and find that Appellants have sufficiently pleaded fraudulent inducement as a defense to the promissory notes.

7

Respondents next argue that "Appellants could not meet an essential element of the affirmative defense of fraudulent inducement[]"; specifically, Appellants' "right to rely" on a representation that they would not have to "repay" the promissory notes. Respondents premise this argument on the legal principle that "false representations as to the legal effect of an instrument are no bar to an action thereon because a party signing such an instrument is presumed to know its contents and has no right to rely on the representations of the other party as to its legal effect." *Stein v. Stein Egg & Poultry Co., Inc.*, 606 S.W.2d 203, 205 (Mo.App. E.D. 1980).

Respondents' argument is similar to one rejected in *Citizens Bank of Appleton City v. Schapeler*, 869 S.W.2d 120 (Mo.App. W.D. 1993). In that case, a plaintiff bank filed suit on a promissory note for $167,000, which the defendants alleged was procured by fraud. *Id.* at 123. The defendants claimed they executed the note as collateral for a business loan agreement between the plaintiff and the defendants' son. *Id.* at 126. In doing so, the defendants alleged they were told that the purpose of the note was "to satisfy banking examiners" and that "there would be no expectation that [the d]efendants would ever have to pay such promissory note[.]" *Id.* On appeal, the plaintiff argued that this defense failed as a matter of law in that it was a "misrepresentation as to the legal effect of the written instrument, *i.e.*, that the [defendants] would never have to repay the note." *Id.* at 127. The western district of this court disagreed:

> [The plaintiff] mischaracterizes the allegations contained in the [defendants'] affirmative defense. The essence of the [defendants'] affirmative defense is that [the plaintiff] represented that the bank examiners were requiring additional collateral on [defendants' son's] notes and that if the $167,000 note were executed, [defendants' son] could continue on in his business and have more borrowing power. This was a factual representation, not a representation of law as [the plaintiff] contends.

*Schapeler*, 869 S.W.2d at 127.

8

Respondents likewise mischaracterize Appellants' allegation in this case. The basis for Appellants' affirmative defense is Respondents' alleged representation that they wanted to purchase Appellants' shares of HHA Holding, Inc., using the promissory notes to avoid setting a value for the stock. As in ***Schapeler***, "[t]his was a factual representation, not a representation of law[.]" ***Id.*** at 127. "A party's right to rely is ordinarily a question of fact for a jury." ***White v. Bowman***, 304 S.W.3d 141, 151 (Mo.App. S.D. 2009). Accordingly, Respondents have not demonstrated that the "right to rely" element of Appellants' fraudulent-inducement defense fails as a matter of law.

Finally, Respondents argue that "[t]he trial court properly applied the parol evidence rule where Appellants intended the evidence to contradict or vary the stated terms of the promissory notes." The parol evidence rule prohibits evidence of agreements that merely tend to *vary or contradict* the terms of an agreement. ***Pacific Carlton Development Corp. v. Barber***, 95 S.W.3d 159, 165 (Mo.App. W.D. 2003) (emphasis added). "The parol evidence rule is a rule of law and not a rule of evidence; evidence offered in violation must be ignored and a decision must be rendered on the writing alone." ***Southgate Bank & Trust Co. v. Axtell***, 710 S.W.2d 247, 252-53 (Mo.App. W.D. 1986). Respondents argue the rule is applicable here because any representation that Appellants did not have to "pay back" the promissory notes directly contradicts the repayment terms of the promissory notes. *Cf.* ***Bank of Kirksville v. Small***, 742 S.W.2d 127, 133 (Mo. banc 1987); ***F.M. Deuchler & Co. v. Hampton***, 339 S.W.2d 499, 503–505 (Mo.App. ST.L.D. 1960) (finding that fraudulent-inducement defense to promissory note, which relied on oral representation that the note "would not have to be paid," violated parol evidence rule because the representation contradicted the *repayment terms* of the note).

Again, we disagree with Respondents' narrow characterization of Appellants' defense. As already stated, the basis for Appellants' affirmative defense is Respondents' alleged fraudulent representation that they wanted to purchase Appellants' shares of HHA Holding, Inc., and that the promissory notes were a means to avoid setting a value for the stock. This defense is not based upon a claim that the terms and conditions within the notes are incorrect; the crux of the claim, rather, is that the notes themselves are unenforceable because their execution was achieved by means of an independent fraudulent representation.

As applicable here,

> Generally, the parol evidence rule has no application where there has been fraud, except under unusual circumstances, and it is well established that, as fraud vitiates everything which it touches, parol evidence is always admissible to show, for the purpose of invalidating a written instrument, that its execution was procured by fraud, or that, by reason of fraud, it does not express the true intentions of the parties. *The defense of fraud may be established by parol, not to contradict or deny, but to destroy the effect of the instrument.*

*Pinken v. Frank*, 704 F.2d 1019, 1023 n.4 (8th Cir. 1983) (quoting 32 C.J.S. Evidence § 979a (1964), now at 32A C.J.S. Evidence § 1535)) (emphasis added); *accord **Dowd v. Lakes Sites, Inc.***, 276 S.W.2d 108, 112 (Mo. 1955). Various Missouri cases have found that parol statements are permissible to establish that a written agreement was fraudulently induced. *See generally Pinken*, 704 F.2d at 1022-23 (collecting Missouri cases).[9] In light of the relevant authority, Respondents have failed to establish that the parol evidence rule defeats Appellants' fraudulent-inducement defense as a matter of law.

In sum, after thoroughly reviewing the record before us and applicable legal principles, we can find no basis (based on Respondents' arguments or otherwise) to find that Respondents were entitled to summary judgment on Appellants' fraudulent-inducement defense. We,

---

[9] We note that ***Schapeler***, discussed *supra*, is not applicable to this analysis as the court in that case explicitly indicated that the parol evidence rule was not considered on appeal as the plaintiff had failed to assert the rule before the trial court. 869 S.W.2d at 127 n.2.

therefore, reverse the trial court's judgment and remand the case for further proceedings not inconsistent with this opinion.

WILLIAM W. FRANCIS, JR., J. - AUTHOR

DON E. BURRELL, JR., P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS