A. H. MACK and IDA MAE SHOFSTALL, Executrix of the Last Will and Testament of FRED H. SHOFSTALL, Appellants, v. HELEN A. EYSSELL.—59 S. W. (2d) 1049.

Division One, April 20, 1933.

*Daniel V. Howell, C. P. LeMire* and *Leon Greenebaum* for appellant.

*Mertsheimer & O'Donnell* and *Kelly, Buchholz & O'Donnell* for respondent.

FERGUSON, C.—This is an action for damages for alleged breach of a written lease. Defendant's demurrer to the second amended petition was sustained, the petition dismissed and judgment entered in accordance with Section 796, Revised Statutes 1929, from which order and judgment of the circuit court plaintiff appealed. The amount of damages sued for gives this court jurisdiction of the appeal. The action was brought by A. H. Mack and Fred H. Shofstall as plaintiffs. Thereafter Shofstall died and the action was duly revived in the name of Ida Mae Shofstall, executrix of the will of Fred H. Shofstall, deceased, and as such executrix she was substituted as a party plaintiff instead of Fred H. Shofstall.

Looking solely to the second amended petition for the facts it appears that on January 16, 1919, plaintiff A. H. Mack and one J. H. Payne, as lessees and tenants were in possession of a three-story building located on East Twenty-fourth Street in Kansas City, Mis-

souri. The building was known as the "Mack Hotel" and was used by Mack and Payne in carrying on a hotel business. The building was owned by defendant Helen A. Eyssell and Mack and Payne occupied it as her tenants under a written lease for a term of five years from September 1, 1915. On the 16th day of January, 1919. the written lease involved in this action was entered into between defendant Helen A. Eyssell as lessor and A. H. Mack and J. H. Payne as lessees whereby the lessor demised and let, by proper description thereof, the said three-story Mack Hotel building to the lessees upon the terms and at a rental therein stated, for a term of five years beginning on the 1st day of September, 1920, and ending on the 31st day of August, 1925. This lease is set out in full in the petition. To copy here the first twelve articles of the lease, relating as they do to the conditions, terms, rental and manner of payment of same, would be of no help in the solution of the questions presented. The application of the last article, numbered 13, alone gives rise to this controversy. It is as follows:

"Landlord's Right to Re-Build: In further consideration of this lease, the Landlord, upon giving the Tenants ninety days' notice of her intention so to do, may enter upon said premises, tear down and rebuild, alter, add to, or otherwise change the building now on said premises, and should the Landlord add to the present building by erecting an addition thereto on the adjoining lot, or construct additional stories to the present building, or both, this lease shall extend to and include such extensions and additions to the same effect as the premises and buildings hereby leased, and Tenants agree to pay such additional rent as may be mutually agreed upon by the Landlord and the Tenants or in the event that the Landlord and Tenants cannot agree, then each shall select an arbitrator and the two shall select a third, and the rent agreed upon by the arbitrators, or a majority of them, shall be taken to be the rent which the Tenants shall be obligated to pay under the terms of this lease for the balance of said term.

"It is understood and agreed that the rent shall be abated during the period of the alteration and improvement in proportion to the extent that the present building is rendered untenable."

It appears that defendant Eyssell owned a vacant lot or tract of land, fronting on East Twenty-Fourth Street, immediately east of and adjoining the lot on which the three-story Mack Hotel building, the subject of the lease, was located. The petition then alleges that in March, 1920, Payne, with the consent of defendant, sold and assigned all his rights and title in an undivided one-half interest in the lease to Shofstall; that thereafter in May or June, 1921, defendant Eyssell entered into a written contract, referred to as a preliminary agreement, with Frank Josephson, Sam Josephson and

S. J. Stats, "or one or more of them . . . by the terms of which it was provided in substance and effect that defendant Helen A. Eyssell did then lease and agree to lease to said Frank Josephson, Sam Josephson and S. J. Stats, or one or more of them, or to such corporation as they or any one of them might thereafter promote to act as lessee," the then vacant lot or parcel of land owned by defendant Eyssell immediately adjoining the Mack Hotel building on the east "together with such buildings as defendant by said preliminary agreement agreed to build and erect thereon, and that defendant, Helen Eyssell would proceed with all reasonable dispatch and speed *to erect and construct on said premises a building suitable and useful for hotel purposes.*" The foregoing allegations are followed by the averment: "the hotel building, as mentioned and described in said preliminary agreement, was and is an addition to the Mack hotel building on the adjoining lot within the terms and meaning of article 13 of said lease." It is alleged that in "the latter part of June or first part of July, 1921, subsequent to the execution of the preliminary agreement referred to" Shofstall having learned of the execution thereof and "being induced by his knowledge thereof and the realization that defendant had thereby placed it out of her power to deliver to plaintiffs possession of the addition to the Mack hotel building contemplated and provided for in said preliminary agreement . . . did, for a valuable consideration and with the consent of defendant herein, as landlord, sell, assign and transfer" to A. H. Mack, "all his, Shofstall's undivided one-half interest in and to said lease." The petition then states that thereafter a corporation was organized by Frank and Sam Josephson and S. J. Stats under the name of Plaza Hotel Company and that in October, 1921, defendant Eyssell "pursuant to said preliminary agreement and the terms and conditions thereof made and entered into a written lease with said corporation Plaza Hotel Company" whereby she "granted, demised and let" to said company the then vacant lot or parcel of ground adjoining and east of the lot whereon the Mack Hotel building was situate for a term of ten years from and after a date to be determined or fixed as therein provided and at a rental therein stated and agreed upon and that she would "proceed with all reasonable dispatch and speed to erect and construct (thereon) within twelve months from" that date "ready for occupancy, a modern, fireproof, steel or concrete or reinforced concrete building to be nine (9) stories in height with basement; . . . that said building was to be suitable and useable for hotel purposes and to have a total of eighty (80) rooms above the first or ground floor and eight (8) Pullmanette compartments or rooms with partitions on the ground floor; that said building was to be erected and built according to the plans, specifications and addenda made and pre-

pared" by certain named architects. Immediately following this description of the proposed new building, which it is stated defendant agreed to construct and erect, this averment is made: "the hotel building as mentioned and described," in the lease to the Plaza Hotel Company, "and referred to as the Plaza Hotel building was and is an addition to the building leased to plaintiff A. H. Mack and J. H. Payne within the terms and meaning of article 13" of their lease. It will be borne in mind that the lease to Mack and Payne related to the three-story, so-called, Mack Hotel building. Continuing the petition next recites, that defendant proceeded with the work of "excavation preparatory to" and "construction of said Plaza Hotel building until same was completed and ready for occupancy on or about" June 21, 1922, and that defendant delivered to and put the Plaza Hotel Company "in possession of said Plaza hotel building" and that said corporation "still retains possession of said Plaza hotel building;" and then the averment that "said Plaza hotel building, built and constructed as aforesaid . . . and delivered as aforesaid into the possession of the Plaza Hotel Company, a corporation, was and is an addition to the Mack Hotel building and the premises leased to plaintiff A. H. Mack and J. H. Payne within the meaning of the terms of article 13 of said lease and within the intention of the parties thereto." The petition concludes with allegations that by reason of defendant's acts as aforesaid plaintiffs were deprived of the "possession, use, occupation and value of said Plaza hotel building" to which they claim they were entitled under the provisions of article 13 of their lease of the Mack Hotel building, and prays damages.

Article 13 of the lease and contract entered into between defendant landlord and Mack and Payne, lessees, provides, that defendant "may enter upon said premises tear down and rebuild, alter, *add to* or otherwise change the building now on said premises" (the three-story Mack Hotel building to which said lease relates) "and should the landlord *add to the present building by erecting an addition thereto* on the adjoining lot or construct additional stories to the present building, or both, this lease shall extend to and include such extensions and additions," etc. The provisions are not ambiguous and very clearly apply only to a structure added to the Mack Hotel building, covered by the lease, as an addition thereto either upon the adjoining lot or by way of additional stories. To state a cause of action it must appear from facts alleged in the petition, independent of mere conclusions, that the structure erected upon the adjoining lot was an addition to the Mack Hotel building, i. e., something added to that building. The grounds of demurrer are that the petition "does not state facts sufficient to constitute a cause of action in favor of plaintiffs and against this defendant."

In support of the demurrer respondent, defendant, contends that the petition does not state facts from which it appears that the structure referred to therein as having been erected on the lot adjoining the Mack Hotel building was a structure added to, or was an addition to, the Mack Hotel building so as to charge a breach of Article 13 of the Mack Hotel building lease by the leasing of the Plaza Hotel building to the Plaza Hotel Company and that if it be held that facts are sufficiently stated to charge a breach of said article that nevertheless no cause of action is stated as to plaintiff Shofstall and for that reason also the petition is demurrable.

■ ■ ''The word 'addition' implies physical contact; something added to another. 1 C. J. 1190.'' [Meyering v. Miller, 330 Mo. 885, 51 S. W (2d) 65, 66.] The ordinary meaning of the term ''addition to a building'' is some structure physically attached to or connected with the building itself. Webster's New International Dictionary defines the word ''addition'' when used in reference to a building as: ''A part added to a building, either by being built so as to form one architectural whole with it, or by being joined with it in some way, as by a passage, and used so that one is a necessary adjunct or appurtenance of the other, or so that both constitute in use and purpose one and the same building.'' Concerning the structure erected upon the lot adjoining the three-story Mack Hotel building the petition alleges that defendant erected and constructed a building upon such lot; the reasonable and natural implication of that allegation alone is that such structure was an independent unit since no where in the petition do we find any specific fact or facts alleged tending to show or indicate that such structure was physically attached to or connected with the Mack Hotel building, was something added to that building or that the two buildings were joined together by a passageway or other means of communication so that ''one was a necessary adjunct or appurtenance of the other'' constituting one and the same building. The implications of the further allegations of fact, that the structure erected on the adjoining lot was ''a modern fireproof, steel or concrete or reinforced concrete building'' nine (9) stories in height, with basement, covering practically the entire lot, suitable for a hotel and built for that purpose, having eighty rooms above the first or ground floor and eight Pullmanette compartments on the ground floor, are that the structure was a separate, distinct and independent building.

■ Though no facts whatsoever are alleged indicating, or from which an inference can be drawn, that such structure was added to or so connected with the three-story Mack Hotel building as to be an addition thereto and the facts which are stated connote the contrary the petition follows such allegations with the general averment that such structure is an addition to the Mack Hotel building. As

pleaded the averment must be treated as a conclusion unsupported by any appropriate allegations of fact upon which to predicate same. The demurrer does not admit the truth of conclusions pleaded but only admits the facts pleaded and the question of whether said conclusions can be predicated on the facts still remains (Stephens v. Mound City Liverymen Assn., 295 Mo. 596, 246 S. W. 40) and while a demurrer admits the facts pleaded it does not admit a characterization of such facts which is merely a conclusion or statement on the part of the pleader. [State ex rel. Minnesota Mutual Life Ins. Co. v Denton, 229 Mo. 187, 129 S. W. 709.] Having pleaded facts which both in direct statement thereof and the implications therefrom show the structure erected upon the adjoining lot to have been a new, separate and distinct building in itself, unconnected with Mack Hotel building, the petition then avers what appears to be a conclusion of law characterizing such structure as an addition to the Mack Hotel building without a single fact pleaded which would tend to show that it had any physical connection or communication whatsoever with the Mack building or that it could in any way be considered as an addition thereto or as something added to that building. But whether the averment that such building was an addition to the Mack building be deemed a conclusion of law or one of fact it is nevertheless, under the facts alleged and as such averment is made in this petition, at most, a mere conclusion and a demurrer does not admit either "the soundness of conclusions of law in the pleading, nor mere conclusions of the pleader on the facts constitutive of the cause of action." [Lackawana Coal & Iron Co. v. Long, 231 Mo. 605, 133 S. W. 35.] Such a conclusion is upon a demurrer treated "as no statement at all . . . raises no issue, . . . need not be denied, and its truth is not admitted by a demurrer." ▉ Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 69 S. W. 355.] That a petition contains conclusions will not render it demurrable if sufficient facts are also alleged to show a cause of action and in such a case a plaintiff's right is not prejudiced thereby, conclusions, expressions of opinion, or unnecessary statements being regarded as surplusage. [49 C. J. pp. 379, 380; State ex inf. Barker v. Armour Packing Co., 265 Mo. 121, 176 S. W. 382.] But in the instant case disregarding, as we must, the conclusion averred and looking only to the facts alleged and the reasonable inferences arising therefrom a breach of Article 13 of the Mack and Payne lease is not stated. The vital matters necessary to show such breach are not charged except in the form of and by the conclusion averred, which makes the petition demurrable. [Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 69 S. W. 355; Roberts v. Anderson (Mo. App.), 254 S. W. 723.]

▉ "Nor will it do to say that defendant should have moved to

have made the pleading more definite and certain." She "might indeed have done this but was not compelled to do so. The primary duty of making the pleading definite and certain is on the party drawing the pleading and he cannot by his remissness cast on his opponent the *onus* of doing what his own duty demands, a duty of expressing his meaning clearly and unmistakably" and in this instance, in view of the specific matter alleged, of stating such facts as "would have enabled the courts" to ascertain "from reading the allegations of the petition" that the nine-story building designated in the petition as the Plaza Hotel building was so constructed as to constitute an addition to the three-story Mack Hotel building and the leasing thereof to the Plaza Hotel Company therefore a breach of Article 13 of the Mack-Payne lease. [Mallinckrodt Chemical Works v. Nemnich, 169 Mo. 388, 398, 69 S. W. 355.]

For the reasons stated we think the demurrer was properly sustained which obviates a discussion of the other and further contentions made in support of the demurrer.

The judgment of the trial court is affirmed. *Sturgis* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All of the judges concur.