I.H. GARMS & SONS CO., and Irvin H. Garms, Appellants,

v.

POTASHNICK CONSTRUCTION, INC., Respondent.

No. 55006.

Missouri Court of Appeals, Eastern District, Southern Division.

Nov. 14, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1989.

---

Ronald L. Garms, Cape Girardeau, for appellants.

Harry O. Moline, Clayton, for respondent.

DOWD, Judge.

This consolidated appeal arises out of a dispute over a retirement and stock liquidation agreement executed by Irvin Garms and Potashnick Construction, Inc. Count I of the action was summarily dismissed. The remaining three counts went before a jury which found against I.H. Garms & Sons and for plaintiff Garms. Both plaintiffs appeal.

Mr. Garms was one of the original incorporators of Potashnick and he also owned a second corporation in the construction business, I.H. Garms & Sons. In January 1985, after 35 years, Mr. Garms and Potashnick executed a retirement agreement which settled various disputes between the parties and set forth a procedure to redeem Mr. Garms' stockholder interest in Potashnick. The redemption included a distribution of certain pieces of equipment to Mr. Garms. It also granted Mr. Garms 11½ percent of any proceeds of a legal action then pending against the Ruler of Dubai. This 11½ percent was to be taken from the net proceeds of the action after various named costs had been deducted. These costs, set down in a formula, included costs of prosecution and other "reasonable and necessary expenses" of prosecution not chargeable to a certain escrow account.

Subsequently, disputes arose between the parties concerning implementation of the agreement. Mr. Garms individually and I. H. Garms & Sons both filed petitions against Potashnick. The causes were later consolidated. Plaintiffs claimed that: (1) Potashnick improperly deducted some costs of prosecution in determining Mr. Garms' share of the legal claim; (2) Potashnick failed to deliver and used certain equipment transferred to Mr. Garms under the agreement; (3) Potashnick used without

permission equipment owned by I.H. Garms & Sons; and (4) Potashnick damaged the latter equipment.

Defendant moved for summary judgment of the portion of Mr. Garms' claim concerning payment of the 11½ percent and the motion was granted. The cause went to trial before a jury on the three remaining issues. After the close of plaintiffs' evidence, Mr. Garms tried to intervene in I.H. Garms & Sons' causes because a question arose as to whether he or I.H. Garms & Sons owned the equipment in dispute, but the motion was denied. The jury found in favor of defendant on both of I.H. Garms & Sons' claims and found for Mr. Garms on his individual count. Plaintiffs now appeal.

Appellants' first point claims the trial court erred in granting summary judgment on the portion of Mr. Garms' pleading claiming the sum paid him as his 11½ percent of the Dubai claim was erroneous. Although the formula stipulated in the agreement was used to determine the amount, appellants argue (1) the costs of prosecution charged were unreasonable and (2) $32,330.79 of the costs not charged to the escrow were never paid out but were still deducted under the formula.

The Motion for Partial Summary Judgment claimed there was no genuine issue of fact on this claim. An affidavit from Potashnick's vice president, bolstered by various documents, provided evidence that the $32,330.79 in costs not chargeable to the escrow account had indeed been paid out by Potashnick. Appellants' motion in opposition contained affidavits with supporting documents from both Ronald Garms, appellants' attorney, and from appellant Garms. These affidavits basically stated documentation did not exist for all the attorney's fee agreements and payments in question and that appellant Garms felt the hourly billing charges were excessive.

The trial court found that there was no evidence supporting appellants' challenges to the charges nor that Potashnick breached its duty of good faith to Mr. Garms. Specifically, the court held that "unless fraud is alleged, Garms has no right or standing under his contract with Potash-

nick to challenge, review, audit, veto or otherwise pass on reasonableness of the costs of prosecution and reimbursement deductions so long as the costs were indeed paid." The court went on to note that it would not be reasonable for Potashnick to pay excessive attorney's fees when Garms was to bear only 11½ percent of those costs.

■ Under Rule 74.04(c), a party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Subsection (e) states that when a motion for summary judgment is properly made and supported, the opposing party may not rest on its pleadings but must by affidavit or other method submit "specific facts showing there is a genuine issue for trial." A mere conclusional allegation will not constitute such evidence. *Commerce Bank of Joplin v. Shallenburger*, 766 S.W.2d 764, 769 (Mo. App.1989). Similarly, a statement that the party will provide evidence of genuine fact issues at trial does not meet the requirements of Rule 74.04(e); the opposing party must show that a genuine issue of fact *does* exist, not that it *might* exist. *Ira E. Berry, Inc. v. American States, Ins.*, 563 S.W.2d 514, 516 (Mo.App.1978).

■ In the case at bar, the trial court correctly held that appellant failed to satisfy Rule 74.04(e). As he stated, the evidence showed that the charges in question were the type of deduction contemplated by the agreement and that these payments were in fact made. The only justiciable challenge to the charges is that they were fraudulently made but appellant presented no evidence to support this conclusional allegation. Consequently the trial court committed no error in granting the motion for summary judgment.

■ Appellants next claim the trial court erred in denying Mr. Garms' motion for intervention in I.H. Garms & Sons counts. Appellants' counsel made the motion orally

after they rested their case and before defendant presented evidence. The entire exchange is set forth below:

[Appellants' counsel] If the court please, in view of the arguments that have been made I think off the record concerning the question of who owned some of this equipment, we, for the record, offer and move to add Irvin H. Garms individually as a co-plaintiff and a co-party to the action filed by I.H. Garms & Sons Company, a corporation, which is their solely owned corporation.

The Court: Mr. Reeves, you all have rested already and I would deny your request to add Mr. Garms as an additional party plaintiff, although it is my opinion you have made a submissible case on the ownership question.

Appellants' argument revolves around the contention that their motion to intervene was not untimely and they conclude that the court erred in denying the motion without a full hearing.

Appellant does not claim this is a case of intervention as of right and indeed, he cannot so claim.[1] Thus, it is a case of permissive intervention which lies within the sound discretion of the trial court. *Centerre Trust Co. v. Jackson Saw Mill Co.*, 736 S.W.2d 486, 494 (Mo.App.1987). Upon review, we must assume this discretionary ruling is correct unless appellant can prove that the decision is against logic and is so arbitrary and unreasonable as to shock the sense of justice. *State ex rel. Webster v. Lehndorff Geneva, Inc.*, 744 S.W.2d 801, 804 (Mo.1988).

Appellants brief only supports the conclusion that the lower court *could* have granted intervention, not that it *should* have done so. We do not find any abuse of discretion in this matter. Appellant's apparent claim that the court should have granted a hearing on intervention is also meritless as there is no indication on the record before us that they requested such a hearing.

■ Appellants' final point relied on claims that instruction number nine was improper because it was not supported by the evidence, did not define operative terms, and was conflicting. That instruction reads as follows:

Your verdict must be for defendant on Count I of I.H. Garms and Son's claim against defendant [unauthorized use of equipment], if you believe either:

First, the conduct of plaintiff implied its permission for defendant to use the equipment referred to in evidence; or Second, plaintiff received consideration for the use of the equipment.

Appellants' first allegation under this point, that there was no evidence to support submission of this instruction, is clearly without merit. Respondent's employees Larry Dunger and Henry Shipp testified that Mr. Garms negotiated use of the equipment in return for Potashnick moving the equipment into a shed and for two tires. The fact that appellants presented contradictory evidence is immaterial. *Wilson v. Supreme Liberty Life Insurance Company*, 343 S.W.2d 649, 653 (Mo.App. 1961).

■ Appellants also complain that instruction nine did not define the terms "equipment" and "consideration." We initially note that appellants did not raise this objection in the instruction conference and that the motion for new trial did not mention failure to define "equipment," although it did mention failure to define "consideration." Consequently, any error in failing to define "equipment" is not preserved for review.

This point argues that technical legal terms must be defined in instructions. *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 81 (Mo.App.1979). While this is true, it is also true that "non-technical, readily understandable phrases" need not be defined. *Koehler v. Burlington Northern, Inc.*, 573 S.W.3d 938, 944 (Mo.App.1978). In the context of instruction nine, we feel that "consideration" falls into the latter category, not the former, and thus need not be defined.

---

1. One of the requirements for intervention of right is that the applicant's interest is not adequately represented by the existing parties.

Rule 52.12(a). Because Mr. Garms is owner of I.H. Garms and Sons, this element is clearly lacking.

■ Appellants' final criticism of instruction nine is that it is conflicting because it offers two affirmative defenses requiring opposite states of mind. In support, they cite *Wallace v. Bounds,* 369 S.W.2d 138, 141 (Mo.1963), for the proposition that although a party may plead alternative defenses, it may only submit one to the jury. *Wallace* in fact states that a party may not present "inconsistent and contradictory theories." *Id.* Inconsistent theories differ from alternative theories, which are allowed, in that theories are inconsistent if proof of one necessarily disproves the other. *Manufacturers American Bank v. Stamatis,* 719 S.W.2d 64, 70 (Mo.App.1986). As respondent correctly notes, the theories in question are alternative, not inconsistent. The fact that Mr. Garms gave implied permission to use the equipment does not mean that Potashnick could not give consideration and vice versa. Consequently, we find no merit in this point.

The judgment of the trial court is affirmed on all counts.

SIMON, C.J. and HAMILTON, J., concur.