A & M BUILDING, INC., d/b/a
I–44 Lumber & Home Center,
Plaintiff–Respondent,

v.

Albert T. WILES and Mark Wiles, d/b/a
Wiles Construction, Defendants,

Walter E. Gutermuth and Lucy
Gutermuth, Defendants–
Appellants,

William G. Havin, d/b/a Havin Material
Service, Defendant–Respondent,

M. Spindler Carpet and Supply,
Inc., Intervenor–Defendant.

No. 18069.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 4, 1993.

Mazzei & Broshot, Charles R. Leick, of counsel, Steelville, for defendants-appellants.

R. Brooks Kenagy, Steelville, for plaintiff-respondent A & M Building, Inc.

Donald K. Althauser, Hermann, for defendant-respondent Havin Material Service.

GARRISON, Judge.

This appeal is from the entry of summary judgments in a case involving claims for materialman's liens. A & M (Plaintiff) filed suit against Wiles (Contractor), Havin (another materialman and lien claimant) and the Gutermuths (Landowners) to enforce a materialman's lien. Havin then filed an answer and cross-claim against Landowners and Wiles to enforce a materialman's lien. Another lien claimant (Spindler) intervened and also filed a cross-petition by which it sought a judgment against Wiles and a materialman's lien on the subject property.[1]

The claims arose from construction of a new home by Landowners. The structure was located next to, but was separate from, an existing house on Landowners' acreage. Wiles contracted to build the house and purchased materials from Plaintiff, Havin and Spindler. Money was paid by the Landowners to Wiles but apparently none was paid to the lien claimants, leading them to file the instant claims.

Landowners raise three points on this appeal: (1) the trial court erred in designating the summary judgments final for purposes of appeal; (2) the trial court erred in granting the summary judgments in favor of Plaintiff and Havin because there were genuine issues of fact remaining for determination; and (3) Plaintiff and Havin were not entitled to summary judgments because their claims were barred for failure to comply with § 429.013.[2] For the reasons stated in this opinion, we affirm.

In their first point, Landowners contend the trial court abused its discretion in declaring the summary judgments final for the purposes of appeal. Rule 74.01(b)[3]

provides that in cases involving multiple claims or parties,

> ... the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

In the instant case, the court entered summary judgments for Plaintiff and Havin on their claims for materialman's liens and for Landowners on the lien claim of Spindler. On February 5, 1992, Plaintiff filed a motion to declare the summary judgments final pursuant to Rule 74.01(b). On February 20, 1992, the motion was sustained by the trial court's order which stated:

> Upon consideration of the record as a whole, the evidence adduced and the arguments of Counsel, the Court finds and declares that the Judgment heretofore entered by this Court on June 10, 1991, in favor of A & M Building, Inc., and in favor of William G. Havin ... is a final and appealable judgment, and further finds and declares that there is no just reason for delay in the entry of this Order. The Court further finds and declares that the Judgment heretofore entered on September 5, 1991, in favor of Walter Gutermuth and Lucy Gutermuth against Defendant, M. Spindler Carpet and Supply, Inc., is a final and appealable Judgment, and that there is no just reason for delay in the entry of this Order.

The summary judgments referred to in the order disposed of all claims for mechanic's or materialman's liens. The remaining claims sought only money judgments and did not involve either Plaintiff or Havin.

Landowners argue that the order in issue here did not recite the reasons for the court's finding that there was "no just reason for delay" and, therefore, it constituted a summary declaration not supported by the record.

 The decision about whether and when to sustain a Rule 74.01(b) motion is

---

**1.** Other claims were filed which are not pertinent to this case except as specifically discussed in this opinion.

**2.** All references to statutes are to RSMo 1986, V.A.M.S.

**3.** All references to rules are to Missouri Rules of Court, V.A.M.R.

discretionary with the trial court. *Eyberg v. Shah*, 773 S.W.2d 887, 894–95 (Mo.App. 1989). Some of the factors the trial court may consider include whether the claims remaining to be adjudicated are separable from those included in the Rule 74.01(b) order and whether the same issues would arise on appeal from the claims still pending. *Eyberg*, 773 S.W.2d at 895. In ruling such motions, discretion is to be exercised in the interest of sound judicial administration. , *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1, 12 (1980).

Landowners cite the case of *Assemblies of God v. Hendricks*, 807 S.W.2d 141, 145 (Mo.App.1991), for the proposition that the order sustaining a Rule 74.01(b) motion requires something more than a summary declaration that there is no just reason for delay. The *Hendricks* opinion does state that general proposition. It is noteworthy, however, that the appellate court in *Hendricks* looked beyond the wording of the individual order and examined the record to determine if the trial court had abused its discretion. *See also Eyberg v. Shah, supra.*

■ An appellate court should disturb the trial court's determination only if it can be said that its conclusion was clearly unreasonable. *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 10, 100 S.Ct. at 1466, 64 L.Ed.2d at 13; *Eyberg v. Shah*, 773 S.W.2d at 896. Our review of the record here does not lead us to the conclusion that the trial court's ruling was clearly unreasonable. The remaining issues and claims are separable from those which are the subject of the instant order, and it does not appear likely that a later appeal with reference to the remaining issues would require an appellate court to consider the same issues twice. Landowners' argument that the order is without independent evidentiary support and that it has forced them to file the present appeal, even though later appeals are likely when the remaining issues are litigated, does not require a different result. *See Eyberg v. Shah*, 773 S.W.2d at 896.

As said in *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. at 12–13, 100 S.Ct. at 1467, 64 L.Ed.2d at 14:

The question in cases such as this is likely to be close, but the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of the case. As we have noted, that assessment merits substantial deference on review. Here, the District Court's assessment of the equities between the parties was based on an intimate knowledge of the case and is a reasonable one. The District Court having found no other reason justifying delay, we conclude that it did not abuse its discretion in granting petitioner's motion for certification under Rule 54(b).

Our review likewise fails to reveal an abuse of discretion and this point is denied.

In their second point, Landowners argue that summary judgment was inappropriate because genuine issues of fact remained for determination. The remaining issues identified by Landowners were whether all of the materials furnished to their contractor were actually used in the construction of their residence and the amount to which the lien claimants were entitled. This position is described by Landowners in their brief when they say, "[w]hile these lien claimants may be entitled to summary judgment as a matter of law as to the fact that they have valid materialmen's liens . . ., it is clear that genuine issues of material fact as to the size of the lien claims remain at issue in the case." There is no issue, therefore, as to whether Plaintiff and Havin made a sufficient showing to authorize entry of a summary judgment. The only issue is the amount.

■ In reviewing the entry of a summary judgment, we consider the record in the light most favorable to the party against whom the judgment was entered. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984). In doing so, we give that party the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). The propriety of granting a summary judgment is an issue of law

which we review de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

> Rule 74.04(c) provides, in part:
> The judgment sought shall be entered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This portion of the rule refers to the showing required of the moving party which, in this case, is Plaintiff and Havin. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d at 378. The documents relied upon by Plaintiff and Havin in support of their motions for summary judgment included the deposition testimony of the contractor. He admitted that most of the items for which a materialman's lien was sought actually went into the residence in question. He identified those items upon which there was any doubt. Landowners rely, in part, on that testimony in arguing the existence of a genuine issue of fact. The motions for summary judgment, however, were amended to delete the items identified by the contractor so as to eliminate the items upon which there was an evidentiary dispute.

Landowners also argue that a genuine issue of fact existed because "[i]n their answer and in an affidavit submitted [in] response to the original motions for summary judgment, the [Landowners] denied that any and all of the materials claimed to have been furnished by A & M Building and Havin went into the construction on their property."

> Rule 74.04(e) provides, in part:
> When a motion for summary judgment is made and supported as provided in this Rule 74.04, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, sum-

mary judgment, if appropriate, shall be entered against him.

Once the lien claimants made a sufficient showing for a summary judgment, Landowners' only recourse was to show, by affidavits, depositions, answers to interrogatories, or admissions on file, that one or more of the facts underlying the lien claimant's right to judgment are genuinely disputed. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d at 381–82, 387. They may not rely on the "allegations or denials of their pleadings." Rule 74.04(e); *Martin v. City of Washington*, 848 S.W.2d at 492. Landowners cannot rely on the allegations in their answer to establish a genuine issue of fact and thereby avoid a summary judgment. As said in *ITT*, 854 S.W.2d at 387, "the non-movant must supplement the record."

██ In the instant case, Landowners supplemented the record in response to the motions for summary judgment by filing an affidavit. The only portion of the affidavit which was directed to the amount Plaintiff and Havin were entitled to was the following statement:

> That they have examined the statement of account attached to Plaintiff A & M Building, Inc.'s Motion for Summary Judgment and dispute the same.

The affidavit does not mention the claim of Havin. It is also insufficient to create a genuine issue of fact as to the amounts claimed by Plaintiff. Rule 74.04(e) requires "specific facts showing that there is a genuine issue for trial." *See Irwin v. Wal–Mart Stores, Inc.*, 813 S.W.2d 99, 101 (Mo.App.1991). An affidavit which relies on doubt and speculation fails to create a genuine issue of material fact. *Martin v. City of Washington*, 848 S.W.2d at 492; *Jennings v. City of Kansas City*, 812 S.W.2d 724, 732 (Mo.App.1991). Conclusional allegations as well as statements that a party will provide evidence of genuine fact issues at trial are insufficient. The party must show that a genuine issue of fact does exist, not that it might exist. *Garms & Sons Co. v. Potashnick Const.*, 781 S.W.2d 203, 205 (Mo.App.1989).

It has been said that to avoid a summary judgment the record should demonstrate a factual question that would permit a reasonable jury to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202, 211 (1986). Our Supreme Court has said that a genuine issue "exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts," and "[w]here the 'genuine issues' raised by the non-movant are merely argumentative, imaginary or frivolous, summary judgment is proper." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d at 382.

Under the above standards, Landowners have not demonstrated the existence of a genuine issue of fact so as to preclude summary judgment. This point is, therefore, denied.

■ In their final point, Landowners argue that the trial court erred in entering summary judgment because the claims of Plaintiff and Havin were barred due to the provisions of § 429.013. Generally stated that statute, when applicable, prevents a subcontractor from obtaining a mechanic's or materialman's lien unless the owner has agreed, pursuant to a written contract, to be liable for the costs if they are not paid. The issue here is whether the statute is applicable. If it is, the parties are in agreement that the Landowners did not sign the required consent to be liable for the costs. Landowners take the position that the summary judgments should not have been granted because § 429.013 was applicable and, since the consent was not signed, Plaintiff and Havin were not entitled to materialman's liens.

The question of applicability of § 429.013 revolves around the following language from the version of the statute in effect in 1988 when the materials in question were furnished:

The provisions of this section shall apply only to the improvement, repair or remodeling of owner-occupied residential property of four units or less.

The construction in question was of a new, separate structure from the pre-existing home located on the same property. Since this construction was not a "repair or remodeling" of the existing home, the question becomes whether it constitutes an "improvement ... of owner-occupied residential property of four units or less." Landowners argue that the statute does apply because they resided in the pre-existing home until the new house was built, which they occupied immediately upon completion. They reason that since the new home was a betterment to the entire property, a part of which was then occupied by them for residential purposes, the statute applied. Plaintiff and Havin, however, contend that since the new home was a separate, distinct structure from the existing home, § 429.013 does not apply and the lack of a signed consent does not prevent them from enforcing a materialman's lien.

■ This issue is resolved by *Chas. C. Meek Lumber v. Cantrell*, 813 S.W.2d 936 (Mo.App.1991). In that case, this court considered whether the word "improvement" was intended to include the construction of a new residence. The court concluded:

In order to improve, repair or remodel a residence, it must be in existence. This subsection cannot refer to a newly-constructed residence, as there would have been no existing structure to improve, repair or remodel. The language of subsection 1, as originally enacted, is clear and unambiguous and there is no room for extrinsic considerations to aid construction. As originally enacted, § 429.-013 RSMo 1986 did not apply to a newly-constructed residence.

*Chas. C. Meek*, 813 S.W.2d at 939.

Landowners argue that the *Chas. C. Meek* case, *supra*, is distinguishable because it involved construction of a new home on a bare lot whereas the instant case involves construction of a new home on an acreage containing a pre-existing home. We disagree. *Chas. C. Meek* makes it clear that § 429.013 does not apply so as to prevent a mechanic's or materialman's lien when the construction involves

a newly constructed residence which was not theretofore in existence.[4] We do, therefore, deny this point.

Affirmed.

MONTGOMERY, P.J., and PREWITT, J., concur.

---

**4.** Section 429.013 has been amended twice since 1988 when the materials in question were purchased and incorporated into Landowners' home. In 1989, it was amended by adding the following to subsection 1:

The term "owner-occupied residential property" shall include residential property occupied by the owner and property which the owner intends to occupy and does occupy as a residence within a reasonable time after the completion of the improvement, repair or remodeling which is the basis for the lien sought pursuant to this section.

In 1990, the legislature added the following:

The term "residential property" means property consisting of four or less existing units to which repairs, remodeling or additions are undertaken. This section shall not apply to the building, construction or erection of any improvements constituting the initial or original residential unit or units of other improvements or appurtenances forming a part of the original development of the property. The provisions added to this subsection in 1990 are intended to clarify the scope and meaning of this section as originally enacted.