### CONCRETE COMPANY OF THE OZARKS, Plaintiff–Appellant,

### v.

### Russell L. REEDER, Marian K. Reeder, Gary W. Allman, Trustee, and Ozark Mountain Bank, Defendants–Respondents.

No. 24433.

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 2002.

Motion for Rehearing or Transfer Overruled
July 18, 2002.

Application for Transfer Denied
Aug. 27, 2002.

Christopher J. Stark, Springfield, for appellant.

No Appearance for respondent.

PHILLIP R. GARRISON, Presiding Judge.

Concrete Company of the Ozarks ("Concrete Company") sought to establish a mechanic's lien against a newly constructed garage owned by Russell L. and Marian K. Reeder ("the Reeders"). The trial court, finding that the Reeders' garage was an addition to the residence and that the Reeders had not consented in writing to the imposition of a mechanic's lien, entered judgment in favor of the Reeders and the Reeders' lender, Ozark Mountain Bank, and Gary W. Allman ("Allman"), trustee. Concrete Company appeals.

Concrete Company, a supplier of concrete, was hired by Roy E. Kistner ("Kistner"), a general contractor, to provide concrete for the construction of a garage located on property owned by the Reeders. The garage, which houses the Reeders' automobiles, is connected to the Reeders' residence by stairs and a wooden walkway. The Reeders paid Kistner in full for the costs of the construction of the garage, but Kistner did not pay Concrete Company the $1,324 it was owed for supplying the concrete. Concrete Company sought a money judgment against Kistner in the amount of $1,324 plus interest and reasonable attorney's fees, and the imposition of a mechanic's lien against the Reeders' real estate. The Reeders pled, as an affirmative defense, that Concrete Company was not entitled to a mechanic's lien because the Reeders had not agreed in writing to be liable for the concrete it furnished.

The trial court entered a judgment in favor of Concrete Company on its claim against Kistner for $3,820.32. The trial court, however, refused to grant Concrete Company a mechanic's lien against the Reeders' real estate. The trial court found that the garage was an addition to the Reeders' residence, and that Concrete Company, therefore, was not entitled to a mechanic's lien because the Reeders had not consented in writing to the imposition of a mechanic's lien. The trial court entered a judgment against Concrete Company and in favor of the Reeders, Ozark Mountain Bank, and Allman on that count.

In its sole point on appeal, Concrete Company argues that the trial court erred in finding in favor of the Reeders because the trial court improperly construed Section 429.013 [1] to apply to "a newly constructed detached building (garage)." It argues that since the garage is a separate structure from the pre-existing home and not an addition, Section 429.013 does not apply, and the lack of consent under Section 429.013.2 does not prevent Concrete Company from obtaining a mechanic's lien.

Section 429.013.2, when applicable, provides that "[n]o person, other than an original contractor, who performs any work or labor or furnishes any material, fixtures,

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

engine, boiler or machinery for any building or structure" shall have a mechanic's lien "unless an owner of the building or structure pursuant to a written contract has agreed to be liable for such costs in the event that the costs are not paid." Under Section 429.013.3, it is a prerequisite to the establishment of a lien by a subcontractor "that a copy of a consent in the form prescribed in subsection 2 of this section, signed by an owner, be attached to the recording of a claim of lien." Section 429.013.1 provides:

> The provisions of this section shall apply only to the repair or remodeling of or addition to owner-occupied residential property of four units or less. The term **"owner"** means the owner of record at the time any contractor, laborer or materialman agrees or is requested to furnish any work, labor, material, fixture, engine, boiler or machinery. The term **"owner-occupied"** means that property which the owner currently occupies, or intends to occupy and does occupy as a residence within a reasonable time after the completion of the repair, remodeling or addition which is the basis for the lien sought, pursuant to this section. The term **"residential property"** means property consisting of four or less existing units to which repairs, remodeling or additions are undertaken. This section shall not apply to the building, construction or erection of any improvements constituting the initial or original residential unit or units or other improvements or appurtenances forming a part of the original development of the property. The provisions added to this sub-

section in 1990 are intended to clarify the scope and meaning of this section as originally enacted.

Section 429.013 was originally enacted in 1986 and was amended in 1989 and 1990. The 1990 amendment rewrote subsection 1, and added the words "addition to" that are at issue here.[2]

There are two reported cases interpreting Section 429.013, *Chas. C. Meek Lumber v. Cantrell*, 813 S.W.2d 936 (Mo.App. S.D.1991), and *A & M Bldg., Inc. v. Wiles*, 859 S.W.2d 183 (Mo.App. S.D.1993). In *Chas. C. Meek Lumber*, the court found that the version of Section 429.013 that was in effect in 1986 applied only to the improvement, repair or remodeling of owner-occupied residential property, and held that the word "improvement" could not apply to the construction of a new residence. 813 S.W.2d at 938–39. The court stated that "[i]n order to improve, repair or remodel a residence, it must be in existence. The subsection cannot refer to a newly-constructed residence, as there would have been no existing structure to improve, repair or remodel." *Id.* at 939. *A & M Bldg., Inc.* held that the term "improvement" as used in the 1988 version of Section 429.013 did not encompass the construction of a new residence on acreage that already contained a pre-existing home. 859 S.W.2d at 188–89.

Concrete Company cites both *Chas. C. Meek Lumber* and *A & M Bldg., Inc.* in support of its position. Neither of these cases, however, is controlling here as they involved the interpretation of the word "improvement" as used in Section 429.013

**2.** Prior to the 1990 amendment, subsection 1 of Section 429.013 provided: "The provisions of this section shall apply only to the improvement, repair or remodeling of owner-occupied residential property of four units or less. The term 'owner-occupied residential property' shall include residential property occupied by the owner and property which the owner intends to occupy and does occupy as a residence within a reasonable time after the completion of the improvement, repair or remodeling which is the basis for the lien sought pursuant to this section."

prior to the 1990 amendment. The issue in the instant case is whether or not a garage that is attached to a residence by wooden stairs and a wooden walkway constitutes an "addition to" the residence under the 1990 amendment to Section 429.013.

The trial court found that the garage was an "addition to" the residence, citing to the case of *Mack v. Eyssell*, 332 Mo. 671, 59 S.W.2d 1049 (1933), which examined the words "add to" in a lease provision to determine whether one building was an addition to another building. In *Mack*, 59 S.W.2d at 1051, the Supreme Court of Missouri stated:

> "The word 'addition' implies physical contact; something added to another. 1 C.J. 1190." *Meyering v. Miller*, 330 Mo. 885, 51 S.W.2d 65, 66. The ordinary meaning of the term "addition to a building" is some structure physically attached to or connected with the building itself. Webster's New International Dictionary defines the word "addition" when used in reference to a building as: "A part added to a building, either by being built so as to form one architectural whole with it, or by being joined with it in some way, as by a passage, and used so that one is a necessary adjunct or appurtenance of the other, or so that both constitute in use and purpose one and the same building."

In the instant case, we agree with the trial court's finding that the garage is an "addition to" the residence. BLACK'S LAW DICTIONARY 38 (6th ed.1990) defines an addition as "something added to another," a "[s]tructure physically attached to or connected with building," an "[e]xtension," "augmentation," or that "which has become united with or a part of." The Reeders' garage, which is used to store their automobiles, is connected to and a part of the residence via the wooden stairs and walkway. Therefore, we find that the garage is an "addition to" the residence under Section 429.013. Concrete Company is not entitled to a mechanic's lien against the Reeders' real estate because the Reeders did not consent in writing to the imposition of a mechanic's lien as required by Section 429.013. Concrete Company's point is denied.

The judgment of the trial court is affirmed.

PREWITT and PARRISH, JJ., concur.