EDWARD R. ARDINI, JR., JUDGE
Jeff City Industry, Inc. ("JCI") entered into an agreement with the City of Columbia, Missouri, to serve as general contractor on the Hominy Trail Water and Sewer Project. JCI subcontracted certain boring work related to the project to G&G Mechanical Constructors, Inc. ("G&G"). A dispute arose over JCI's failure to pay G&G for its work, which resulted in G&G bringing claims for breach of contract, unjust enrichment, and violation of Missouri's Prompt Pay Act against JCI. In addition, a breach of surety bond claim was brought against JCI and its surety, Liberty Mutual Insurance Company ("Liberty Mutual").
The jury returned a verdict against JCI and Liberty Mutual in the amount of $445,408.94. The trial court entered judgment in favor of G&G and included prejudgment interest at the rate of nine percent pursuant to section 408.020.[1] JCI and Liberty Mutual assert in their single point on appeal that the trial court erred in awarding prejudgment interest, arguing the parties agreed that no interest would be charged on amounts due. We affirm.
I. Preservation of Error
We must first consider whether the alleged error was preserved for our review given the failure of JCI and Liberty Mutual to file a motion for new trial pursuant to Rule 78.07(a).[2] Rule 78.07(a) generally provides that "[i]n jury tried cases ... allegations of error must be included in a motion for a new trial in order to be preserved for appellate review." "The purpose of a motion for new trial is to give the [trial] court the opportunity to correct its own errors without appellate court intervention." Smith v. Brown & Williamson Tobacco Corp. , 410 S.W.3d 623, 640 (Mo. banc 2013) (citations omitted).
The issue of whether G&G was entitled to prejudgment interest pursuant to section 408.020 was first raised on March 16, 2017, in a motion for directed verdict filed by JCI and Liberty Mutual. The trial court heard argument on the issue and denied the motion. On March 20, 2017, JCI and Liberty Mutual filed a Trial Brief on Statutory Interest. The trial court heard from the parties on that day and revisited the issue on March 21, 2017. On March 30, *495 2017, G&G filed a Motion for Award of Pre-Judgment Interest on Jury Verdict and Entry of Judgment along with supporting suggestions. JCI and Liberty Mutual filed a Memorandum in Opposition, and the trial court heard argument on May 15, 2017. On May 18, 2017, the trial court entered Judgment in favor of G&G, which included an award of prejudgment interest at a rate of nine percent. No after-trial motions were filed by JCI or Liberty Mutual.
The Missouri Supreme Court has held that "[t]he issue of prejudgment interest was properly presented to the trial court and adequately preserved for appeal" where, after the jury verdict, "both parties corresponded with the trial court about prejudgment interest[ ] and the court held two conferences on the issue." Brown v. Donham , 900 S.W.2d 630, 632 (Mo. banc 1995). While not specifically discussing the requirement found in Rule 78.07(a) that, following a trial by jury, a motion for new trial be filed in order to preserve an issue for appellate review, Brown clearly permits appellate review of an alleged error relating to an award of prejudgment interest that was first raised to and decided by the trial court.[3]
In light of the extensive briefing and argument by the parties before the trial court on the issue of prejudgment interest, we conclude, consistent with the Missouri Supreme Court in Brown, that the issue was properly preserved for appeal.
II. Prejudgment Interest Pursuant to Section 408.020
Having found that the issue was properly preserved for our review, we now consider whether the trial court erred by awarding G&G prejudgment interest at the statutory rate of nine percent.
A. Factual Background
The contract, including Attachment A containing the interest provision at issue, was signed by G&G on December 28, 2011, and transmitted to JCI on December 29, 2011. The interest provision stated: "Any pay estimate overdue by 60 days shall bear interest at the annual rate of 18% or the highest rate allowed by law, if lower. Retainage shall not be held out of payment." Douglas Adrian ("Adrian"), on behalf of JCI, struck through the entire provision with a single line, initialed "DA", and *496 wrote "5% Retiange [sic]" in the margin. The contract was returned to William Dooley ("Dooley") of G&G. Near the writings of Adrian, Dooley initialed "WOD" and dated "1/9/12".
B. Discussion
Where an agreement is reached by the parties regarding the interest rate, even if the agreement is that no interest will be paid or established the interest rate to be zero percent, it will be enforced. See, e.g. , Manfield v. Auditorium Bar & Grill, Inc. , 965 S.W.2d 262, 269-70 (Mo. App. W.D. 1998) (holding that the parties' agreement to a rate of zero percent interest would be enforced). However, where no agreement is made, including where a contract contains a provision concerning interest but the rate is left blank, the creditor is entitled to interest at the rate designated by section 408.020. See § 408.020; Bank of Kirksville v. Small , 766 S.W.2d 770, 771 (Mo. App. W.D. 1989). Section 408.020 provides:
Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made[.[4] ]
Here, JCI and Liberty Mutual claim that the mutual striking of the provision in the contract relating to prejudgment interest equated to an agreement that no interest would be paid.[5] They accordingly allege that the trial court erred by awarding interest at a rate of nine percent to G&G pursuant to section 408.020. G&G counters that the striking of the interest provision did nothing more than remove it from the parties' agreement, leaving the final contract silent on the issue of prejudgment interest. To resolve this conflict, we must look to the contract.
The primary rule of contract construction is to ascertain the intent of the parties and give effect to that intention. If a contract is unambiguous, the intent of the parties is to be discerned from the contract alone based on the plain and ordinary meaning of the language used.[6 ]
*497 However, a contract may be ambiguous if it is susceptible to more than one interpretation, which is a legal issue determined by the court. If the ambiguity cannot be resolved within the four corners of the contract, the parties' intent can be determined by use of parol evidence. Resolution of the ambiguity may then be a factual issue to be resolved by the finder of fact.
Whelan , 379 S.W.3d at 846 (citations and internal quotation marks omitted). Whether the contract is ambiguous and whether G&G was entitled to prejudgment interest pursuant to section 408.020 are legal issues that we review de novo , but we defer to the trial court's factual or credibility determinations. See id.[7]
A general rule of contract interpretation or construction is that "stricken language is extrinsic and may not be resorted to in construing [a] ... contract." Maddick v. DeShon , 296 S.W.3d 519, 526 (Mo. App. W.D. 2009) (citing Gateway Frontier Props. v. Selner, Glaser, Komen, Berger & Galganski, P.C. , 974 S.W.2d 566, 570-71 (Mo. App. E.D. 1998) ); see also 17A C.J.S. Contracts § 419. "The rationale ... is that the writing excised from the agreement, whether by way of striking, erasing, or simply transferring the agreement to a new piece of paper without the stricken language, is not part of the agreement between the parties." Id. (citation omitted). Reliance on stricken language to interpret an otherwise unambiguous contract is error. Id.[8]
Setting aside the stricken language, the contract that remains is silent *498 on the issue of prejudgment interest and susceptible to only a single interpretation-the parties did not enter into an agreement on the issue of prejudgment interest.[9] Hence, we find the contract is not ambiguous.[10] Accordingly, parol or other extrinsic evidence regarding the parties' intent cannot be considered. See Whelan , 379 S.W.3d at 846. As a result, the contract will be enforced as written without consideration of the stricken language. Thus, the trial court properly awarded G&G prejudgment interest pursuant to section 408.020.
Point denied.
III. Conclusion
The Judgment of the trial court, including the award of prejudgment interest at the rate of nine percent pursuant to section 408.020, is affirmed.
All concur.

RSMo 2016.

All references are to Missouri Supreme Court Rules (2017).

We acknowledge that prejudgment interest in Brown was requested pursuant to section 408.040 rather than 408.020. However, this distinction does not affect our conclusion that alleged errors relating to prejudgment interest raised to and decided by the trial court were preserved for our review.
We have also reviewed the cases cited by G&G to argue that appellants' point on appeal is not preserved, and find each is distinguishable from the facts in this case. For example, in several of the cases relied on, the prejudgment interest issues asserted on appeal were not raised to the trial court for consideration. See, e.g. , Modine Mfg. Co. v. Carlock , 510 S.W.2d 462, 472 (Mo. 1974) (finding that alleged errors regarding prejudgment interest were not preserved for appeal where they were different from the errors raised to and addressed by the trial court and a motion for new trial had not been filed); Edgewater Health Care, Inc. v. Health Systems Management, Inc. , 752 S.W.2d 860, 869 (Mo. App. E.D. 1988) (relying on Modine to conclude that claim on appeal regarding prejudgment interest, which was not requested in the petition or awarded in judgment, was not preserved where no motion for new trial was filed); Chicago & E.R. Co. v. Lightfoot , 232 S.W. 176, 178 (Mo. App. 1921) (finding that claim on appeal regarding interest, which was requested in the petition and awarded in the judgment, was not preserved where no motion for new trial or assignment of error to that effect was filed or raised with the trial court). By contrast, the appellants' objections to the award of prejudgment interest in the instant case were raised to and decided by the trial court.

JCI and Liberty Mutual argue that G&G failed to satisfy its burden of proving entitlement to prejudgment interest pursuant to section 408.020. This statement misconstrues section 408.020, which as a matter of law entitles a creditor to statutory interest at a rate of nine percent unless otherwise agreed upon by the parties. See § 408.020; Bank of Kirksville , 766 S.W.2d at 771. The burden is thus on the party seeking to avoid application of section 408.020 to establish that the parties agreed to an alternative arrangement. In this case, it was JCI and Liberty Mutual's burden to prove that the parties had agreed that interest would not be paid.

In support of their argument, JCI and Liberty Mutual state in their briefs "that the stricken language provided interest to be paid on past due amounts at the rate of 18% or the statutory rate." This, however, is a mischaracterization of the provision, which actually provided that G&G would be entitled to "interest at the annual rate of 18% or the highest rate allowed by law, if lower." The nine percent interest rate under section 408.020 is not the highest rate of interest allowed by law. In other words, "the highest rate of interest allowed by law" is a different concept than a creditor's entitlement to interest at a rate of nine percent through operation of section 408.020. Thus, striking through that provision did not evidence the parties' agreement that prejudgment interest pursuant to section 408.020 would not be paid.

JCI and Liberty Mutual quote G&G's statement that "the intent of the parties is clear from the evidence based upon the contract itself" to allege that G&G "unequivocally acknowledged the contract was ambiguous" by arguing the parties' intent. This again represents a misunderstanding of basic rules of contract construction or interpretation. As quoted supra , "If a contract is unambiguous, the intent of the parties is to be discerned from the contract alone based on the plain and ordinary meaning of the language used." Whelan Sec. Co. v. Kennebrew , 379 S.W.3d 835, 846 (Mo. banc 2012) (emphasis added) (citation and internal quotation marks omitted).

See also Allison v. Dir. of Revenue , 525 S.W.3d 127, 129 (Mo. App. W.D. 2017) ("When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence.") (citing White v. Dir. of Revenue , 321 S.W.3d 298, 308 (Mo. banc 2010) ); McNeill v. City of Kansas City , 459 S.W.3d 509, 516 (Mo. App. W.D. 2015) ("Whether a party is entitled to prejudgment interest under [s]ection 408.020 is a question of law, which we review de novo. ") (citing Mitchell v. Residential Funding Corp. , 334 S.W.3d 477, 508-09 (Mo. App. W.D. 2010) ).

Stricken language has been considered in ascertaining the parties' intent where the contract is ambiguous. See 17A C.J.S. Contracts § 419. Similarly, although not binding on this court, the Eighth Circuit in Trinity Prods., Inc. v. Burgess Steel, L.L.C., considered the crossed out interest provision to discern the meaning of the handwritten notation "as per L/C (Letter of Credit)." 486 F.3d 325, 335 (8th Cir. 2007). The court concluded that no interest would be owed pursuant to section 408.020, stating:
[R]eplacing a contractual rate of interest for amounts past due with a provision that payment will be made under a letter of credit reflects an agreement that no interest will be owing on amounts past due, since any amounts not promptly paid would not have been demanded in accordance with the letter of credit.
Id. The case was remanded for further consideration on a different issue, and the court left "to the district court's discretion whether to revisit this aspect of its order denying prejudgment interest." Id. at 336. Although the court in Trinity Products referred to the stricken provision in order to give meaning to the handwritten notation, this case is distinguishable in that there was not a relevant handwritten notation on the issue of interest.
Citing to Houston Exploration Co. v. Welling Underwriters Agencies , JCI and Liberty Mutual also argue that courts in other jurisdictions have held that stricken language must be considered in certain situations to determine the meaning of a contract that otherwise seems unambiguous. 352 S.W.3d 462, 469-72 (Tex. 2011). We decline their invitation to follow the law of other jurisdictions where the precedent in Missouri is clear that stricken provisions are extrinsic to the contract and not to be considered.

We are aware that at the time the language relating to prejudgment interest was stricken, a handwritten notation stating "5% Retianage [sic]" was inserted into the agreement. "A 'retainage' is the withholding of a portion of each progress payment earned by a contractor or subcontractor until a construction project is completed, calculated as a percentage of each progress payment, typically 5% to 10% of the payment ..." 6A Mo. Prac., Legal Forms § 15:3 (3d ed.). Plainly, the inserted notation refers to an issue entirely separate from whether interest would be recoverable and has no relevance to our analysis.

In addition, the stricken language cannot be used to create an ambiguity. See Maddick, 296 S.W.3d at 526 ("Under Gateway , the stricken language is not part of the parties' stipulation, and cannot be used to create an ambiguity ..."); Gateway , 974 S.W.2d at 570-71 (concluding that a negative inference could not be drawn from the act of striking language from a contract).